# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al., | Case No. 1:23-cv-01267 (GTS/CFH) |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION – FED. R. CIV. P. 12(b)(1)** |
| v. | |
| ROBERT J. RODRIGUEZ, et al., | |
| Defendants. | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................ii

INTRODUCTION.......................................................................... 1

STANDARD OF REVIEW ............................................................... 2

ARGUMENT ................................................................................ 3

    I.    The Court Lacks Subject Matter Jurisdiction Over
        Plaintiffs' Claims Against the Department and the
        Council Due to the Eleventh Amendment to the U.S.
        Constitution.........................................................................3

    II.    The Eleventh Amendment Also Bars Plaintiffs' Claims
        Against the Individual Council Members ...........................5

    III.    The Eleventh Amendment Limits Plaintiffs' Claims Against
        Secretary Rodriguez ........................................................9

CONCLUSION ............................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*74 Pinehurst LLC v. New York*
   59 F.4th 557 (2d Cir. 2023) ............................................................................ 4-5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................................ 2, 7

*Atascadero State Hospital v. Scanlon,*
   473 U.S. 234 (1985) ......................................................................................... 4

*Burrell v. Annucci,*
   2022 U.S. Dist. LEXIS 178301 (N.D.N.Y., Sept. 30, 2022) ................................ 10

*Edelman v. Jordan,*
   415 U.S. 651 (1974) ......................................................................................... 6

*Ex parte Young,*
   209 U.S. 123 (1908) ...................................................................................*passim*

*Green v. Mansour,*
   474 U.S. 64 (1985) ........................................................................................... 6

*Hans v. Louisiana,*
   134 U.S. 1 (1890) ............................................................................................. 3

*Kamen v. American Tel. & Tel. Co.,*
   791 F.2d 1006 (2d Cir. 1986) ............................................................................ 2

*Kelly v. New York State Civ. Serv. Comm'n,*
   632 Fed. Appx. 17 (2d Cir. 2016) ...................................................................... 6

*Lan Lan Wang v. Pataki,*
   396 F. Supp. 2d 446 (S.D.N.Y. 2005) ................................................................ 8

*Leitner v Westchester Community College,*
   779 F.3d. 130 (2d Cir. 2015) ............................................................................. 3

*Makarova v. United States,*
   201 F.3d 110 (2d Cir. 2000) .............................................................................. 2

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ........................................................................ 8

*National Railroad Passenger Corp. v. National Ass'n of Railroad*
    *Passengers*,
    414 U.S. 453 (1974) ........................................................................ 8

*Okpalobi v. Foster*,
    244 F.3d 405 (5th Cir. 2001) ........................................................ 6

*Pennhurst State School & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ..................................................................... 3-4

*Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993) ........................................................................ 3

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44 (1996) ..................................................................... 4, 6

*Snoeck v. Brussa*,
    153 F.3d 984 (9th Cir. 1998) ........................................................ 6

*Whole Woman's Health v. Jackson*,
    595 U.S. 30 (2021) ........................................................................ 7

*Will v. Mich. Dep't. of State Police*,
    491 U.S. 58 (1989) ...................................................................... 10

*Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*,
    466 F.3d 232 (2d Cir. 2006) .......................................................... 2

## CONSTITUTIONS

U.S. Constitution Eleventh Amendment ..............................................*passim*

U.S. Constitution Fourteenth Amendment ............................................ 4-5

## STATE STATUTES

N.Y. Exec. L.
    § 100-a(1)(a) .............................................................................. 4
    § 375 .......................................................................................... 7
    § 381 .......................................................................................... 8

**FEDERAL STATUTES**

Energy Policy and Conservation Act of 1975, 42 U.S.C.
§§ 6201, et seq....................................................................................................... 1, 5

**RULES**

Federal Rules of Civil Procedure
Rule 12(b)(1) ........................................................................................................ 1-2

# INTRODUCTION

Plaintiffs in this action seek declaratory and injunctive relief against the New York State Department of State (Department), the New York State Fire Prevention and Building Code Council (Council), Robert J. Rodriguez in his official capacity as the Secretary of State and separately in his official capacity as a Council member, and the remaining individual Council members in their official capacities as Council members (collectively "Defendants"). Plaintiffs seek, *inter alia*, to enjoin Defendants from enforcing certain impending amendments to the Uniform Fire Prevention and Building Code and the State Energy Conservation Construction Code on the grounds that those impending amendments are preempted by the Energy Policy and Conservation Act of 1975, 42 U.S.C. §§ 6201, *et seq.* (EPCA).[1] Phasing in beginning in 2026, and subject to potential exemptions for certain types of buildings or activities, those impending amendments would prohibit installation of fossil fuel-utilizing building systems and equipment in certain types and sizes of new buildings. (Complaint ¶¶ 42, 45). The prohibition would not apply to the continued use and maintenance of fossil-fuel utilizing building systems and equipment in buildings existing prior to the effective date of the applicable prohibition. (*Id.*)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants move for dismissal, with prejudice, of all claims against the Department, the

---

[1] As Plaintiffs acknowledge, the provisions they seek to enjoin are "impending," *i.e.*, they have not yet been codified and further administrative process is required before the provisions will be legally effective and enforceable. Complaint ¶¶ 17, 51.

Council, and the individual Council members (including Secretary Rodriguez in his capacity as a Council member), on the grounds that those claims are barred by the Eleventh Amendment to the U.S. Constitution. Because the Eleventh Amendment immunizes those Defendants from suit in federal court, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims against them. The Eleventh Amendment also limits the relief available as to Secretary Rodriguez (in his official capacity as the Secretary of State) to declaratory and prospective injunctive relief, and the Court should dismiss Plaintiffs' requests for relief that go beyond that limited scope.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). In considering such a motion, courts accept as true all material factual allegations in the complaint, but that tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Although the plaintiff generally bears the burden of proving subject matter jurisdiction, the entity claiming Eleventh Amendment immunity bears the burden to prove such. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006).

## ARGUMENT

**I.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against the Department and the Council Due to the Eleventh Amendment to the U.S. Constitution**

The Eleventh Amendment to the U.S. Constitution establishes a rule of state sovereign immunity in the federal courts that bars Plaintiffs' claims against state entities. The amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State or Citizens of any Foreign State.

U.S. Const., amend. XI.

The Eleventh Amendment immunity is "a fundamental constitutional protection" designed "to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of parties." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-146 (1993). Although the text of the Eleventh Amendment refers only to suits brought against a state by citizens of another state or a foreign country, the U.S. Supreme Court has expanded the immunity to include citizens' actions against their own states. *Hans v. Louisiana*, 134 U.S. 1, 14-17 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

The Supreme Court has also made clear that the immunity applies to state agencies and instrumentalities, such as the Department and Council, as it would apply to the state as a whole. *Puerto Rico Aqueduct & Sewer Authority,* 506 U.S. at 144 ("absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" (citations omitted); *see also Leitner v. Westchester*

3

*Community College*, 779 F.3d. 130, 134-36 (2d Cir. 2015). This "jurisdictional bar" applies "regardless of the nature of the relief sought." *Pennhurst,* at 100; *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023). The Eleventh Amendment thus applies to the lawsuit brought by Plaintiffs here -- a group of entities residing both in and out of New York State (Complaint ¶¶ 10-33) -- against the Department and the Council, which Plaintiffs concede are agencies of the State of New York (Complaint ¶¶ 35-36). *See also* N.Y. Exec. L. § 100-a(1)(a) (agency means "any state department, board, bureau, division, council, committee, commission, or office.").

Admittedly, a state may waive its Eleventh Amendment immunity through a statutory or constitutional provision. However, such a waiver must expressly and unequivocally "specify the state's intention to subject itself to suit in *federal court*." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (emphasis in original). Alternatively, Congress may abrogate Eleventh Amendment immunity as to actions against a state arising under a specific federal statute. However, such an act of abrogation must be expressed in "unmistakable language in the statute itself." *Id*. at 243. Furthermore, the Supreme Court has narrowed Congress' abrogation power by holding that Congressional abrogation of Eleventh Amendment immunity can only occur where the constitutional authority for the Congressional action is based upon the Fourteenth Amendment to the U.S. Constitution.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996).

In the present case, Plaintiffs' complaint does not allege any specific state law that waives New York State's Eleventh Amendment immunity. Nor does the complaint include any allegation that EPCA, the federal statute relied upon by plaintiffs, was adopted pursuant to the Fourteenth Amendment. Thus, Plaintiffs cannot construe EPCA as a basis for Congressional abrogation of Eleventh Amendment immunity. As a result, the Eleventh Amendment requires the dismissal of the Department and Council from this action. *74 Pinehurst LLC,* 59 F.4th at 570 ("[w]ithout a State's express waiver or an act by Congress under Section 5 of the Fourteenth Amendment, the Eleventh Amendment bars federal courts from adjudicating claims against a State, as well as its agencies and agents."). The Court should therefore dismiss all claims against the Department and Council, with prejudice.

## II.   The Eleventh Amendment Also Bars Plaintiffs' Claims Against the Individual Council Members[2]

Plaintiffs' claims against the individual Council members raise separate Eleventh Amendment issues. Under a narrow exception to the Eleventh Amendment immunity, actions can be brought in federal court against state officials where there is no state forum available -- a situation not presented here -- or where the suit seeks <u>prospective relief</u> for <u>ongoing violations</u> of federal

---

[2] Secretary Rodriguez is named as a Defendant both in his capacity as Secretary and in his capacity as a Council member. This argument addresses his immunity in his capacity as a Council member only.

constitutional law. *Ex parte Young*, 209 U.S. 123, 159-160 (1908); *Edelman v. Jordan*, 415 U.S. 651, 666-667 (1974).

However, the *Ex parte Young* exception is, itself, subject to strict limitations. For example, even where a suit seeks prospective relief for an ongoing violation, claims will still be barred if plaintiffs fail to show that the state officials named as defendants have a sufficient level of "connection with the enforcement of the act" that allegedly violates federal law. *Ex parte Young*, 209 U.S. at 157. Absent such a showing, the plaintiff "is merely making [the officer] a party as a representative of the State, and thereby attempting to make the State a party." *Id.*[3]

As an *en banc* panel of the Fifth Circuit framed it, this 'enforcement connection' inquiry gauges two things: "(1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001). *See also Kelly v. New York State Civ. Serv. Comm'n*, 632 Fed. Appx. 17, 18 (2d Cir. 2016) (rejecting claims against individual members of New York State Civil Service Commission where enforcement connection requirement not satisfied); *Snoeck v. Brussa*, 153 F.3d 984, 987 (9th Cir. 1998) ("the officers of the state must be cloaked with a duty to enforce the laws of

---

[3] Other examples of limitations on the *Ex Parte Young* exception include a bar on suits where plaintiffs seek declaratory or injunctive relief as to the lawfulness of past acts by state officials, s*ee, e.g.*, *Green v. Mansour*, 474 U.S. 64, 73 (1985), and a bar on suits where Congress has crafted an intricate remedial scheme which leaves no room for *Ex Parte Young* suits. *Seminole Tribe of Florida*, 517 U.S. at 73-76.

the state and must threaten or be about to commence civil or criminal proceedings to enforce an unconstitutional action."). It is this 'enforcement connection' limitation that bars Plaintiffs' action against the individual Council members named as defendants here.

Plaintiffs allege, with no citation to any authority, that the Council has "delegated authority" to "enforce" the Uniform Fire Prevention and Building Code and the State Energy Conservation Construction Code, and that the individual Council members "are responsible" for "enforcing" those two codes. (Complaint ¶¶ 36, 38). However, neither the Council nor its individual members have enforcement authority as to those two codes, or any others, and the Court is not required to accept the truth of Plaintiffs' allegations to the contrary. *Iqbal,* 556 U.S. at 678 (court considering a Rule 12(b)(1) motion is "not bound to accept as true a legal conclusion couched as a factual allegation.").

First, the Legislature delineated the powers and authorities of the Council in Executive Law Section 375 and did not provide the Council with any code enforcement authority. N.Y. Exec. L. § 375. Nor do the individual Council members have any powers or authorities beyond the powers provided to the Council as a whole. *Id*. This absence of enforcement authority, by itself, prevents application of *Ex parte Young* to the Council members. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 43 (2021) (declining to apply *Ex parte Young* where petitioners failed to identify Texas Attorney General's enforcement authority that could potentially be enjoined).

Second, the Legislature delegated exclusive authority for administration and enforcement of the two codes at issue here -- the Uniform Fire Prevention and Building Code and the State Energy Conservation Construction Code -- to just three entities, not including the Council or its individual members: "local government," "county government," and the Secretary in his capacity as Secretary. N.Y. Exec. L. § 381.[4] This Court should not engraft authorities into the Executive Law that the Legislature expressly left out. *See, e.g., National Railroad Passenger Corp. v. National Ass'n of Railroad Passengers*, 414 U.S. 453, 458, (1974) (court declined to expand statute's coverage to include other remedies where legislation expressly provided particular remedies).

Plaintiffs may assert that the Council's administrative process for adoption of the impending amendments at issue qualifies as the type of 'enforcement connection' allowing invocation of *Ex Parte Young*, s*ee, e.g.*, Complaint ¶ 91(b).[5] The Court should reject any such assertion. *Ex parte Young* makes clear that courts have subject matter jurisdiction only to enjoin state officers "who threaten and are about to commence proceedings, either of a civil or criminal nature." *Ex parte Young,* 209 U.S. at 156; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 382 (1992) ("the prospect of state suit must be imminent"); *Lan Lan Wang v. Pataki,*

---

[4] Section 11-107 of the Energy Law specifies that the administration and enforcement of that code is governed by the provisions in Section 381 of the Executive Law. N.Y. Eng. L. § 11-107.

[5] Conversely, Plaintiffs appear to recognize the distinction between the Council's authority to "integrate" the amendments into the two codes and the Secretary's authority to enforce the amendments once adopted. Complaint ¶ 50.

396 F. Supp. 2d 446, 454 (S.D.N.Y. 2005) ("threat of future prosecution" insufficient to qualify for the *Young* exception and escape Eleventh Amendment bar).

Here, as Plaintiffs concede, the amendments they seek to enjoin are "impending" and subject to further administrative process (Complaint ¶¶ 17, 51), precluding any argument that Plaintiffs now face an imminent threat of a civil or criminal lawsuit seeking to enforce the amendments. And even at such time as the impending amendments may be incorporated into the codes and could conceivably be enforced, the authorities and limitations set forth in Executive Law Sections 375 and 381, as discussed above, make clear that the Council members, individually or collectively, could not possibly be the state officers enforcing or threatening to enforce the amendments. N.Y. Exec. L. §§ 375, 381.

In short, the Council members lack the requisite enforcement connection necessary to breach their Eleventh Amendment immunity under the *Ex Parte Young* exception. The Court should therefore dismiss Plaintiffs' claims as to all individual Council members, including Secretary Rodriguez in his capacity as a Council member, with prejudice.

### III. The Eleventh Amendment Limits Plaintiffs' Claims Against Secretary Rodriguez

As discussed above, the *Ex parte Young* exception to the Eleventh Amendment immunity allows courts to entertain claims against state officials only where the suit seeks prospective relief for ongoing violations of federal constitutional law. *Ex parte Young,* 209 U.S. at 159-160. Insofar as Plaintiffs seek relief against Secretary Rodriguez that extends beyond those limits, *e.g.*, "such

9

other and further relief as the Court may deem just and proper," (Complaint ¶

91(d)), the Court lacks subject matter jurisdiction to provide such relief. *See, e.g.*,

*Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71, (1989) (actions for damages

against a state official in his or her official capacity barred by Eleventh Amendment

because they are essentially actions against the state); *Burrell v. Annucci*, 2022 U.S.

Dist. LEXIS 178301 (N.D.N.Y., Sept. 30, 2022).

## CONCLUSION

For all of the reasons stated above, the Court should grant this motion and

enter an order dismissing, with prejudice, all claims against the Department, the

Council and the individual Council members, and limiting the relief available

against Secretary Rodriguez, in his official capacity as Secretary of State, to only

the prospective injunctive relief permitted under *Ex parte Young*.

Dated: December 18, 2023
     New York, New York

                                    LETITIA JAMES
                                    Attorney General of the State of New York

                                  By:   /s/Gavin G. McCabe
                                    Gavin G. McCabe (Bar Roll No. 704875)
                                    Timothy Hoffman
                                    Laura Mirman-Heslin
                                    Christopher Gore
                                    Assistant Attorneys General
                                    Office of the Attorney General
                                    Environmental Protection Bureau
                                    28 Liberty Street, 19th Floor
                                    New York, NY 10005
                                    Gavin.McCabe@ag.ny.gov