**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MULHERN GAS CO., INC., et al., | |
| Plaintiffs, | Case No. 1:23-cv-01267 (GTS/CFH) |
| v. | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| ROBERT J. RODRIGUEZ, et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................... 1

Background ............................................................................................................ 2

      A.     The Council ............................................................................................. 2

      B.     New York's Gas Ban .............................................................................. 3

      C.     Plaintiffs' Facial Challenge to the Gas Ban ......................................... 4

Argument ............................................................................................................... 5

    I.     The Council Members Are Not Entitled to Sovereign Immunity. ................ 6

      A.     *Ex Parte Young* Authorizes Prospective Relief Barring the Council Members from Carrying Out Their Duty to Implement the Preempted Statute. ............................ 6

      B.     The Council Members' Arguments That They Cannot Enforce the Code Provisions and That *Ex Parte Young* Is Limited to Enforcement Proceedings Are Misplaced. ........................................................................................ 10

    II.    There Is No Basis to Limit Plaintiffs' Requested Relief Against the Secretary. ......... 13

    III.   Dismissal of the Agency Defendants Should Be Without Prejudice. ......................... 14

Conclusion .......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*281 Care Comm. v. Arneson*,
    638 F.3d 621 (8th Cir. 2011) ................................................10

*Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*,
    851 F.3d 507 (5th Cir. 2017) ................................................12

*All. of Am. Insurers v. Cuomo*,
    854 F.2d 591 (2d Cir. 1988).................................................12

*Armstrong v. Exceptional Child Ctr., Inc.*,
    575 U.S. 320 (2015).............................................5, 6, 7, 9

*Brokamp v. James*,
    573 F. Supp. 3d 696 (N.D.N.Y. 2021), *aff'd*, 66 F.4th 374 (2d Cir. 2023) ..............................9

*Brown v. New York*,
    975 F. Supp. 2d 209 (N.D.N.Y. 2013).........................................9

*Burlington N. & Santa Fe Ry. Co. v. Vaughn*,
    509 F.3d 1085 (9th Cir. 2007) ...............................................12

*Calzone v. Hawley*,
    866 F.3d 866 (8th Cir. 2017) ................................................7

*City of Austin v. Paxton*,
    943 F.3d 993 (5th Cir. 2019) ................................................8

*In re Dairy Mart Convenience Stores, Inc.*,
    411 F.3d 367 (2d Cir. 2005).................................................6, 10

*Green v. Mansour*,
    474 U.S. 64 (1985)..........................................................5

*Helicopter Ass'n Int'l v. Hawaii*,
    2023 WL 6850157 (D. Haw. Oct. 17, 2023) ....................................7

*Hernandez v. Conriv Realty Assocs.*,
    182 F.3d 121 (2d Cir. 1999)................................................14

*Jackson v. Wright*,
    82 F.4th 362 (5th Cir. 2023) ...............................................6

*Kelly v. N.Y. State Civ. Serv. Comm'n,*
    2015 WL 861744 (S.D.N.Y. Jan. 26, 2015), *aff'd*, 632 F. App'x 17 (2d Cir.
    2016) ...................................................................................................................8

*Kelly v. New York State Civil Service Commission,*
    632 F. App'x 17 (2d Cir. 2016) ........................................................................8

*L.A. Cnty. Bar Ass'n v. Eu,*
    979 F.2d 697 (9th Cir. 1992) ..........................................................................12

*Meza v. Livingston,*
    607 F.3d 392 (5th Cir. 2010) ............................................................................8

*Morales v. Trans World Airlines, Inc.,*
    504 U.S. 374 (1992)........................................................................................12

*Nassau & Suffolk Cnty. Taxi Owners Ass'n v. New York,*
    336 F. Supp. 3d 50 (E.D.N.Y. 2018) ...........................................................7, 11

*Papasan v. Allain,*
    478 U.S. 265 (1986)..........................................................................................9

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984)............................................................................................5

*Prairie Band Potawatomi Nation v. Wagnon,*
    476 F.3d 818 (10th Cir. 2007) ..........................................................................7

*Reed v. Goertz,*
    143 S. Ct. 955 (2023).................................................................................5, 11

*Russell v. Lundergan–Grimes,*
    784 F.3d 1037 (6th Cir. 2015) ..........................................................................7

*Semtek Int'l, Inc. v. Lockheed Martin Corp.,*
    531 U.S. 497 (2001)........................................................................................14

*Seneca Nation v. Hochul,*
    58 F.4th 664 (2d Cir. 2023) ............................................................................11

*Texas Democratic Party v. Abbott,*
    978 F.3d 168 (5th Cir. 2020) ............................................................................7

*Va. Off. for Prot. & Advocacy v. Stewart,*
    563 U.S. 247 (2011)..................................................................................5, 8, 11

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,*
    535 U.S. 635 (2002)..............................................................................6, 7, 9, 11

*Wang v. Pataki,*
    396 F. Supp. 2d 446 (S.D.N.Y. 2005)................................................................12

*Ex parte Young,*
    209 U.S. 123 (1908)........................................................................ *passim*

**Statutes**

42 U.S.C. § 6297(c)................................................................................4

N.Y. Energy Law § 11-103(1)(a)...........................................................2, 3

N.Y. Energy Law § 11-103(2)(a)................................................................2

N.Y. Energy Law § 11-104........................................................................2

N.Y. Energy Law § 11-104(6)-(8).............................................................3

N.Y. Energy Law § 11-104(6)(b)..............................................................7

N.Y. Energy Law § 11-104(7)(b)-(e).........................................................3

N.Y. Energy Law § 11-107........................................................................3

N.Y. Exec. Law § 374(1)..........................................................................2

N.Y. Exec. Law § 377(1)......................................................................2, 3

N.Y. Exec. Law § 378..............................................................................2

N.Y. Exec. Law § 378(19).........................................................................3

N.Y. Exec. Law § 378(19)(a).....................................................................7

N.Y. Exec. Law § 378(c)-(f)......................................................................3

N.Y. Exec. Law § 381..........................................................................3, 13

N.Y. Exec. Law § 381(1)...........................................................................4

N.Y. Exec. Law § 381(2)...........................................................................4

N.Y. Exec. Law § 381(3)-(5)......................................................................4

2023 N.Y. Laws c. 56, pt. RR, § 6.............................................................3

**Rules**

Fed. R. Civ. P. 41(a)...............................................................................14

Fed. R. Civ. P. 41(b) ..................................................................................................14

**Constitutional Provisions**

Eleventh Amendment.................................................................................................5

U.S. Const. Article VI, cl. 2 ......................................................................................5

## INTRODUCTION

This suit seeks prospective relief to enjoin state officials from enforcing a state law that is expressly preempted by federal law.  Under a garden-variety application of *Ex parte Young*, 209 U.S. 123 (1908), the individual defendants are properly sued in their official capacities and are not entitled to sovereign immunity.

Plaintiffs challenge New York's gas ban, found in two statutory provisions that are already in effect.  The gas ban statute prescribes a ban on gas, propane, and fuel oil equipment and infrastructure in most new buildings beginning December 31, 2025 (for simplicity's sake, the "gas ban").  And it requires the New York State Fire Prevention and Building Code Council ("Council") to adopt building and energy code provisions implementing that ban.

The New York Secretary of State concedes that he may be sued in his capacity as Secretary, but he and the other members of the Council contend that they have sovereign immunity from this suit in their capacities as Council members.  Tellingly, the Council members ignore the challenged statute; Defendants' motion does not even cite it.  Instead, the Council members attempt sleight of hand.  They say they will lack authority to enforce the code provisions the statute requires them to adopt.  But code enforcement is not why the Council members are in this suit.  The Council members are here because they have a nondiscretionary statutory obligation to adopt code provisions implementing the ban—and thus to enforce the challenged statute.  That falls well within the scope of unlawful activity for which prospective relief is available.  The Council members' view that federal courts cannot enjoin state officials from doing anything other than bringing a formal enforcement proceeding is unsupported by the cases they cite and refuted by binding precedent after binding precedent.  *Ex parte Young* is not so easy to evade.

Because Plaintiffs seek prospective relief for an ongoing violation of federal law and because the Council members have some connection with the challenged statute's enforcement—

and indeed a critical role in implementing it—the Council members are not entitled to sovereign immunity. Plaintiffs acknowledge that the Council itself and the New York Department of State ("Department") may be dismissed without prejudice given their assertion of sovereign immunity. But Defendants' request for a with-prejudice dismissal is contrary to black-letter law; courts cannot dismiss with prejudice for lack of jurisdiction.

Accordingly, the Council itself and the Department should be dismissed without prejudice. The motion should otherwise be denied.

## BACKGROUND

### A.    The Council

The Council is a multimember body created by state law and housed in the Department of State, with the Secretary as chair. N.Y. Exec. § 374(1). The Council is charged with adopting, amending, and "periodically review[ing]" New York's Uniform Fire Prevention and Building Code ("Building Code"). *Id.* § 377(1) (Council "shall formulate" the Building Code, "may from time to time amend" it, and "shall periodically review the entire code to assure that it effectuates the purposes of this article and the specific objectives and standards hereinafter set forth"). The Council is also responsible for the State Energy Conservation Construction Code ("Energy Code," and together with the Building Code, the "Codes") and is charged with reviewing it and either amending or replacing it "through rules and regulations." N.Y. Energy § 11-103(1)(a), (2)(a).

The Council's discretion over the Codes' content is constrained by statute. *See* Dkt. 1, Compl. ¶¶ 44-46. Section 378 of the Executive Law provides that the Building Code "shall address" several specific subjects, some of which—like the provision at issue here—tell the Council exactly what it must include in the Building Code. N.Y. Exec. § 378. Section 11-104 of the Energy Law likewise requires the Council to follow certain criteria for the Energy Code. N.Y. Energy § 11-104 ("shall be designed to satisfy the following specific criteria").

B.      New York's Gas Ban

It was against that backdrop that New York enacted its gas ban in May 2023.  Compl. ¶ 42.
The gas ban legislation made substantively identical amendments to the Executive Law and Energy
Law provisions governing the Codes' content.   N.Y. Energy § 11-104(6)-(8); N.Y. Exec.
§ 378(19); Compl. ¶¶ 42-50.  Those statutory amendments—which were passed by the legislature,
signed into law by the Governor, and are effective now, 2023 N.Y. Laws c. 56, pt. RR, § 6—
require the Council to amend the Codes to prohibit "the installation of fossil-fuel equipment and
building systems" in most new buildings beginning December 31, 2025.   N.Y. Energy
§ 11-104(6)-(8); N.Y. Exec. § 378(19); Compl. ¶¶ 42-43.  The amendments also direct the Council
to include certain exceptions and to "periodically review[]" those exceptions "to assure that they
continue to effectuate the purposes" of the gas ban "to the fullest extent feasible."  N.Y. Energy
§ 11-104(7)(b)-(e); N.Y. Exec. § 378(c)-(f).  Nothing in the gas ban statute gives the Council
discretion to refuse to incorporate the ban into the Codes or to adopt anything short of the outright
ban the statute prescribes.  *See* N.Y. Energy § 11-104(6)-(8); N.Y. Exec. § 378(19).  The Council
has already begun to comply with its duty to amend the Codes to include the ban.  Compl. ¶ 51.

The Council's amendments to the Building Code are subject to the Secretary's review for
compliance with the governing statute and can take effect only with the Secretary's approval.  N.Y.
Exec. § 377(1) ("The secretary shall review such code or amendment . . . to insure that it
effectuates the purposes of this article.  Upon being so satisfied, the secretary shall approve said
code or amendment prior to its becoming effective.").  No similar review process is required for
amendments to the Energy Code.  *See* N.Y. Energy § 11-103(1)-(2).

Once the code provisions are issued and take effect, the Secretary and local governments
across the State will be responsible for enforcing them.  N.Y. Exec. § 381; *see* N.Y. Energy
§ 11-107 (providing for the Energy Code to be enforced by the same actors and in the same manner

as the Building Code).  In general, local governments "administer and enforce" the Codes locally, subject to the Secretary's regulations and oversight, unless they decline to do so, in which case the responsibility falls to the Secretary.  N.Y. Exec. § 381(2); *see id.* § 381(1) ("The secretary shall promulgate rules and regulations prescribing minimum standards for administration and enforcement . . . ."); *id.* § 381(3)-(5) (providing for the Secretary's oversight of local governments' role).

### C.     Plaintiffs' Facial Challenge to the Gas Ban

Plaintiffs are companies, trade associations, and labor unions that collectively represent or employ thousands of New Yorkers who rely on the availability of gas appliances and systems for their livelihoods.  Compl. ¶¶ 3, 10-34.  Though the Council has not yet amended the Codes to implement the statutorily prescribed gas ban and the ban's effective date has not yet arrived, the gas ban legislation is already wreaking havoc on Plaintiffs and their members.  It is harming business revenues and profits in multiple industries, disrupting long-term business strategy and asset planning, jeopardizing jobs, and hampering the development of industry labor pools.  Compl. ¶¶ 10-40.  Once the ban takes effect, it will exacerbate those injuries, including by outlawing some of Plaintiffs' lines of business.  *Id.*

Plaintiffs brought this facial challenge to New York's gas ban—which is expressly preempted by federal law, *see* 42 U.S.C. § 6297(c); Compl. ¶¶ 71-85—to redress those injuries. Plaintiffs seek prospective declaratory and injunctive relief from the Department, Council, Secretary, and Council members.  Compl. ¶¶ 35-38, 91.

The Secretary acknowledges that he is subject to this Court's jurisdiction in his capacity as Secretary, but the remaining defendants (and the Secretary in his capacity as a Council member) assert sovereign immunity.  Dkt. 19-1 at 6-7.[1]

## ARGUMENT

Federal law is "the supreme Law of the Land" and is binding on the states, "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2. Although states generally cannot be sued in federal court without their consent, the Supreme Court has "for more than a century" recognized the crucial *Ex parte Young* exception "as necessary to 'permit the federal courts to vindicate federal rights.'"  *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-55 (2011).

Under *Ex parte Young*, suits for prospective "declaratory or injunctive relief against state officers in their official capacities" may proceed in federal court.  *Reed v. Goertz*, 143 S. Ct. 955, 960 (2023) (citing *Ex parte Young*, 209 U.S. at 159-61).  That exception to states' Eleventh Amendment immunity "gives life to the Supremacy Clause" by ensuring that federal courts may "end a continuing violation of federal law."  *Green v. Mansour*, 474 U.S. 64, 68 (1985); *accord Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984) (exception is "necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States'" (quoting *Ex parte Young*, 209 U.S. at 160)).  Indeed, "[t]he ability to sue to enjoin unconstitutional actions by state . . . officers" in courts of equity "reflects a long history of judicial review of illegal executive action, tracing back to England."  *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015).  Thus, *Ex parte Young* readily applies to federal preemption cases like this one.  As the Supreme Court "ha[s] long recognized,"

---

[1] All page numbers in citations to materials filed on the docket refer to the ECF pagination.

courts "may issue an injunction" against state officials "upon finding the [challenged] state regulatory actions preempted." *Id.* at 326.  That is so whether the state officers "are violating" or are "planning to violate[] federal law." *Id.*

As the Fifth Circuit summed it up: "To turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy." *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023).  As to the first requirement, any state official who has "some connection with the enforcement" of the challenged state law is a proper defendant.  *Ex parte Young*, 209 U.S. at 157; *accord In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005).

As to the second requirement, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (cleaned up).  Where, as here, a complaint requests "that state officials be restrained from enforcing [a statute] in contravention of controlling federal law," it "clearly satisfies [that] 'straightforward inquiry.'" *Id.*

Plaintiffs readily meet both requirements.  The state statutory provisions at issue impose a duty on the Council members to take action to implement a federally preempted gas ban.  Plaintiffs seek prospective relief to prevent the Council members from carrying out those enforcement duties in violation of federal law.  Nothing more is required.

I.     **The Council Members Are Not Entitled to Sovereign Immunity.**

    A.     ***Ex Parte Young* Authorizes Prospective Relief Barring the Council Members from Carrying Out Their Duty to Implement the Preempted Statute.**

The Council members have "some connection with the enforcement" of New York's gas ban because they have a nondiscretionary duty to amend the Codes to implement the statutorily mandated ban—a duty they have already begun to carry out.  *See supra* p. 3; Compl. ¶¶ 42-51;

N.Y. Energy § 11-104(6)(b) (Energy Code "shall prohibit the installation of fossil-fuel equipment and building systems"); N.Y. Exec. § 378(19)(a) (same for the Building Code).  Because Plaintiffs allege that the statute is preempted by federal law and because the duty to implement it exists now, prospective relief is available under *Ex parte Young* to prevent the Council members from taking actions to enforce the preempted gas ban by adopting the Code provisions through which the ban would operate.  *See, e.g.*, *Armstrong*, 575 U.S. at 326-27; *Verizon*, 535 U.S. at 645.

      *Ex parte Young* readily permits a challenge to the sort of enforcement for which the Council members are responsible: adopting regulations to implement a preempted state statute.  Contrary to Defendants' suggestion, Dkt. 19-1 at 13-14, case after case has found that state officials' authority to promulgate regulations under the challenged statute is a sufficient connection to enforcement under *Ex parte Young*.  *See, e.g.*, *Texas Democratic Party v. Abbott*, 978 F.3d 168, 180 (5th Cir. 2020) (state officer had sufficient connection to enforcement where his "general duties" included "issuance of directives and instructions" under the challenged law); *Calzone v. Hawley*, 866 F.3d 866, 869-70 (8th Cir. 2017) (official authorized to "promulgate rules and regulations relating to the implementation" of the challenged provisions); *Russell v. Lundergan–Grimes*, 784 F.3d 1037, 1048 (6th Cir. 2015) (official "empowered . . . [to] adopt administrative regulations" under the challenged law); *Nassau & Suffolk Cnty. Taxi Owners Ass'n v. New York*, 336 F. Supp. 3d 50, 68 (E.D.N.Y. 2018) (challenged law "unequivocally delegates rulemaking authority to" the official); *Helicopter Ass'n Int'l v. Hawaii*, 2023 WL 6850157, at *5 (D. Haw. Oct. 17, 2023) (official "requir[ed] . . . to promulgate rules implementing the [challenged] reporting requirements").  Put another way, actions that "give effect" to or implement the challenged law are well within *Ex parte Young*'s concept of enforcement.  *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 827-28 & n.15 (10th Cir. 2007) (defining

"enforcement" in the *Ex parte Young* context to mean "[t]o give effect," and finding that state officers who "assist in giving effect to the law" had a sufficient connection).[2]

That makes sense: The theory behind *Ex parte Young*'s exception to sovereign immunity is not tied to any particular flavor of enforcement.  Rather, it rests on the view "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."  *Va. Off.*, 563 U.S. at 255 (cleaned up).  The injunction here would merely command the Council members not to implement a state law that violates federal law.  And this requested relief has teeth—the Council members are taking actions now to amend the Code to comply with the preempted statute, and if enjoined, they would have to cease those actions, which would preclude the preempted gas ban from being put into effect.  That makes the Council members the proper defendants for that requested relief.

The Second Circuit's nonprecedential summary order in *Kelly v. New York State Civil Service Commission*, 632 F. App'x 17 (2d Cir. 2016) (cited at Dkt. 19-1 at 11), is not to the contrary.  The state officials there lacked the necessary enforcement connection because they had no responsibility for administering or enforcing the challenged provision, and their general rulemaking authority had no connection to the alleged harm.  *See Kelly v. N.Y. State Civ. Serv. Comm'n*, 2015 WL 861744, at *3 (S.D.N.Y. Jan. 26, 2015), *aff'd*, 632 F. App'x 17 (2d Cir. 2016).  Here, by contrast, the Council's statutory duty to adopt Code provisions implementing the preempted gas ban is precisely what Plaintiffs seek to enjoin.

---

[2] *See also, e.g.*, *City of Austin v. Paxton,* 943 F.3d 993, 1001 (5th Cir. 2019) ("*direct* enforcement of the challenged law [is] not required," and "actions that constrain[] the plaintiffs [are] sufficient to apply the *Young* exception"); *Meza v. Livingston*, 607 F.3d 392, 411-12 (5th Cir. 2010) (state official who played an "integral role" in the statute's "implementation" had a sufficient connection to enforcement).

Once the defendants' connection to enforcement is established, all that remains is to ask "whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. at 645 (cleaned up).  It does.

The complaint alleges that New York's gas ban statute is preempted by federal law, and it seeks prospective relief from that ongoing violation of federal law, including an injunction preventing the Council members from carrying out their current duty under the challenged statute to adopt Code provisions implementing the ban.  *See* Compl. ¶¶ 42-51, 91.  Moreover, the Council members have already begun the work of implementing the ban, *id.* ¶ 51, eliminating any doubt that they "are violating, or planning to violate, federal law," *Armstrong*, 575 U.S. at 326.  *See also Verizon*, 535 U.S. at 646 ("ongoing violation" inquiry "does not include an analysis of the merits of the claim").  Plaintiffs are therefore challenging an "ongoing violation," not conduct that occurred only in the past.  *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) ("*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past.").

In short, Plaintiffs' request "for injunctive relief—that state officials be restrained from enforcing [a statute] in contravention of controlling federal law—clearly satisfies [the Supreme Court's] 'straightforward inquiry.'"  *Verizon*, 535 U.S. at 645; *see also, e.g.*, *Brokamp v. James*, 573 F. Supp. 3d 696, 708 (N.D.N.Y. 2021) ("ongoing violation" prong satisfied where plaintiffs alleged that defendants, including individual members of a state board, were "statutorily responsible for either enforcing or administering New York's licensing requirements" and "that th[o]se requirements [were] unconstitutional" ), *aff'd*, 66 F.4th 374 (2d Cir. 2023); *Brown v. New York*, 975 F. Supp. 2d 209, 223 (N.D.N.Y. 2013) ("ongoing violation" requirement is satisfied where plaintiffs challenge the enforcement of a law alleged to be unconstitutional).

**B.     The Council Members' Arguments That They Cannot Enforce the Code Provisions and That *Ex Parte Young* Is Limited to Enforcement Proceedings Are Misplaced.**

The Council members do not contest that this suit seeks prospective relief for an ongoing violation of federal law.  *See* Dkt. 19-1 at 10-11.  They argue only that they lack the necessary "enforcement connection."  *Id.* at 11-14.  First, the Council members contend that they lack authority to enforce the Codes themselves.  *Id.* at 12-13.  Second, they assert that *Ex parte Young* is available only to enjoin civil or criminal enforcement proceedings; according to the Council members, no other type of enforcement counts.  *Id.* at 13-14.  Both arguments are incorrect.

1.     The Council members' argument that they lack "code enforcement authority"—and so will not be able to enforce the code provisions they are tasked with implementing—misses the point.  Dkt. 19-1 at 12-13.  Plaintiffs seek to enjoin the Council members from enforcing the preempted *statute*, not the *code provisions*.  The Council members' enforcement role is in adopting the code provisions necessary to implement the ban.  *Supra* p. 3.  There is no need for the Council members to also be responsible for enforcing those provisions; it is enough that, once adopted, the Secretary and local governments will have a duty to enforce them.  *Supra* p. 3-4.  The complaint accordingly requests that Defendants be enjoined "from enforcing or attempting to enforce the gas ban [statute], including through the adoption of an Energy Code, Building Code, or other regulations embodying those provisions."  Compl. ¶ 91(b) (citation omitted).

Nor does others' enforcement authority, like the Secretary's, change the fact that the Council members have a sufficient connection to enforcement to be sued under *Ex parte Young*.  All that is required is "some connection," not "primary authority to enforce the challenged law," let alone exclusive authority.  *E.g.*, *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011); *accord Dairy Mart*, 411 F.3d at 372-73 ("some connection").  The "some connection" inquiry focuses on whether an injunction against the official will redress any alleged harms, as it would

here. *See, e.g.*, *Nassau*, 336 F. Supp. 3d at 68 ("That a government official must have a connection to the allegedly unconstitutional government act makes sense, for an injunction may issue only in circumstances where the state official has the authority to perform the required act." (cleaned up)).

    **2.**    The Council members next suggest that *Ex parte Young* applies only to suits seeking to enjoin officials from bringing civil or criminal enforcement proceedings and that, because the Council has not yet amended the Codes, no such proceedings against Plaintiffs are "imminent." Dkt. 19-1 at 13-14.  For starters, this argument, like the first one, focuses incorrectly on enforcement of the code provisions rather than enforcement of the challenged statute.  Of course the Council members have not yet amended the Codes; Plaintiffs are seeking to enjoin exactly that action.

    More fundamentally, the Council members are wrong about *Ex parte Young*'s scope. According to the Council members, *Ex parte Young* is limited to "enjoin[ing] state officers 'who threaten and are about to commence proceedings.'" Dkt. 19-1 at 13 (quoting *Ex parte Young*, 209 U.S. at 156).  That is not the law.  To be sure, *Ex parte Young* says that officials "who threaten and are about to commence proceedings . . . may be enjoined" from doing so.  209 U.S. at 156.  But it does not follow that "courts have subject matter jurisdiction" over state officials "only" in that exact situation.  *Contra* Dkt. 19-1 at 13.  To the contrary, the Supreme Court has allowed suits seeking prospective relief against state officials in a wide variety of situations, from an "injunction requiring the production of [medical] records," *Va. Off.*, 563 U.S. at 255-56, to an injunction barring enforcement of an order requiring one company to make certain payments to another, *Verizon*, 535 U.S. at 639-40, 645-46, and beyond, *e.g., Reed*, 143 S. Ct. at 959-60 (*Ex parte Young* doctrine may be used to challenge a state prosecutor's denial of postconviction DNA testing); *Seneca Nation v. Hochul*, 58 F.4th 664, 667, 670-74 (2d Cir. 2023) (*Ex parte Young* doctrine may

11

be used to "seek[] relief from [state officials'] ongoing use of an invalid easement").  *Accord Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017) (explaining that the "type of direct enforcement found in *Ex parte Young*, for instance, where the attorney general threatened civil and criminal prosecution" is "not required").[3]

    In the same vein, the Council members suggest that *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992), holds that "the prospect of state suit must be imminent" for *Ex parte Young* to apply at all, Dkt. 19-1 at 13 (quoting *Morales*, 504 U.S. at 382).  *Morales* says no such thing. The cited discussion is not even about sovereign immunity, but rather about the ordinary equitable requirements for injunctive relief.  *See Morales*, 504 U.S. at 381-82.  And the Court concluded merely that injunctive relief against threatened enforcement actions is available only when those threatened actions are "imminent," explaining that when a plaintiff sues "as a 'first strike' to prevent a State from initiating a suit of its own, the prospect of state suit must be imminent, for it is the prospect of that suit which supplies the necessary irreparable injury."  *Id.*[4]

    Here, by contrast, Plaintiffs are suffering and will continue to suffer irreparable harm from the gas ban itself, including the adoption of Code provisions implementing it; neither Plaintiffs' injuries nor the requested relief have anything to do with any threat of enforcement proceedings. *See* Compl. ¶¶ 10-40, 86-91; *see also All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 598 (2d Cir. 1988) (plaintiffs were presented with a "realistic and immediate danger of being unconstitutionally

---

    [3] *See also, e.g.*, *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (no need for enforcement proceedings where the challenged statute was "simply not the type of statute that gives rise to enforcement proceedings"); *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007) ("enforcement need not be imminent" so long as the defendants have "the requisite enforcement connection to the challenged law" (cleaned up)).

    [4] *Wang v. Pataki*, 396 F. Supp. 2d 446 (S.D.N.Y. 2005), is irrelevant for similar reasons. Plaintiffs are not relying on any "threat of future prosecution" to establish an injury or the Council members' enforcement role.  *See id.* at 454.

deprived of their property" when forced to make economic decisions based on the challenged law's impending market effects). Allowing the Council members to add the preempted gas ban to the Codes would in turn obligate the Secretary and local governments across the state to enforce the ban. *See supra* p. 3-4; N.Y. Exec. § 381. Beyond irreparably harming Plaintiffs, that approach would risk creating a need for duplicative litigation against local governments bound to enforce a preempted state policy, all while state officials evade responsibility for their ongoing violation of federal law. None of the cited cases requires that result.

*   *   *

The Council members' position ultimately boils down to the view that it is too early to sue them until it is too late. Too early now because they have not yet completed their statutory task of amending the Codes. But too late once they finish that task because they are not the Codes' enforcers. The implication that the Council members do not now and never will have anything to do with enforcing the gas ban is irreconcilable with the reality that they are the state officials specifically directed by statute to make the ban operative.

In sum, state law tasks the Council members with implementing a federally preempted gas ban. Plaintiffs seek prospective relief to prevent them from carrying out those enforcement duties in violation of federal law. The Council members are not entitled to sovereign immunity from this mine-run *Ex parte Young* suit.

## II.    There Is No Basis to Limit Plaintiffs' Requested Relief Against the Secretary.

The Secretary acknowledges that he is a proper defendant in his capacity as Secretary but objects that Plaintiffs' routine request for "such other and further relief as the Court may deem just and proper" might seek something other than prospective relief. Dkt. 19-1 at 14-15 (quoting Compl. ¶ 91(d)). Plaintiffs are not seeking damages or any other form of improper retrospective relief. Nor would improper relief be the "just and proper" relief the Complaint seeks, Compl.

13

¶ 91(d).  There is nothing to limit.  If the Secretary's speculation that Plaintiffs might someday ask for improper relief were to become reality, the Secretary can raise his objection then.

**III.**   **Dismissal of the Agency Defendants Should Be Without Prejudice.**

Plaintiffs acknowledge that the Department and Council must be dismissed given their assertion of sovereign immunity.  But because Defendants seek dismissal for lack of jurisdiction, Dkt. 19-1 at 2, that dismissal must be without prejudice.  There is no such thing as a with-prejudice dismissal for lack of jurisdiction.  *See, e.g.*, *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."); *see also* Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction is not "an adjudication on the merits"); *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("Rule 41(a) . . . makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice' . . . .").

## CONCLUSION

Plaintiffs do not oppose dismissal without prejudice of the claims against the Department and the Council.  Defendants' motion should otherwise be denied.

Dated:  January 8, 2024

Respectfully submitted,

_/s/ Sarah O. Jorgensen_

Caroline M. Walters (NDNY Bar No. 705759)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
cwalters@reichmanjorgensen.com

Sarah O. Jorgensen (NDNY Bar No. 704794)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
sjorgensen@reichmanjorgensen.com

Brian C. Baran *(Pro Hac Vice)*
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
bbaran@reichmanjorgensen.com

Courtland L. Reichman *(Pro Hac Vice)*
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
creichman@reichmanjorgensen.com

*Attorneys for Plaintiffs*