IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al., | Case No. 1:23-cv-01267 (GTS/CFH) |
| Plaintiffs, | |
| v. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION – FED. R. CIV. P. 12(b)(1)** |
| ROBERT J. RODRIGUEZ, et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................ 3

ARGUMENT ...................................................................................................................... 5

    I.   The Council Members Lack the Enforcement Connection Required under *Ex Parte Young* ............................................................................... 5

    II.  Dismissal Should be With Prejudice ................................................................ 9

    III. Any Relief is Limited to the Prospective Injunctive Relief Available Under *Ex Parte Young* ............................................................................... 10

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Calzone v. Hawley,*
866 F.3d 866 (8th Cir. 2017) ................................................................................... 7

*Ex parte Young,*
209 U.S. 123 (1908) ..................................................................................... passim

*Helicopter Ass'n Int'l v. Hawaii,*
2023 WL 6850157, (D. Haw. Oct. 17, 2023) ...................................................... 7, 9

*Hernandez v. Conriv Realty Ass'n*
182 F.3d 121 (2d Cir. 1999) .................................................................................. 9

*Idaho v. Coeur d'Alene Tribe of Idaho,*
521 U.S. 261 (1997) .............................................................................................. 9

*L.A. Cnty. Bar Ass'n v. Eu,*
979 F.2d 697 (9th Cir. 1992) ................................................................................ 5

*Nassau & Suffolk Cnty. Taxi Owners Ass'n v. New York,*
336 F. Supp. 3d 50 (E.D.N.Y. 2018) ..................................................................... 7

*Prairie Band Potawatomi Nation v. Wagnon,*
476 F.3d 818 (10th Cir. 2007) .............................................................................. 8

*Russell v. Lundergan–Grimes,*
784 F.3d 1037 (6th Cir. 2015) .............................................................................. 7

*Snoeck v. Brussa,*
153 F.3d 984 (9th Cir. 1998) ................................................................................ 6

*Texas Democratic Party v. Abbott,*
978 F.3d 168 (5th Cir. 2020) ............................................................................ 3, 8

**CONSTITUTIONS**

U.S. Constitution, Eleventh Amendment ......................................................... 1, 3, 9

**FEDERAL STATUTES AND RULES**

Federal Rule of Civil Procedure 12(b)(1) ................................................................ 10

**STATE STATUTES**

N.Y. Energy L.
   § 11-103(2) ............................................................................................................. 1
   §§ 11-103, 11-107 ............................................................................................... 4
   § 11-104(6)-(8) ........................................................................................... 1, 4, 7

N.Y. Exec. L.
   § 375 ....................................................................................................................... 3
   §§ 375, 377, 381 ............................................................................................. 4, 6
   §§ 375, 377 ......................................................................................................... 1, 5
   § 378(19) ............................................................................................................ 1, 4, 7
   § 381 .............................................................................................................. 2-3, 5, 7

**OTHER**

Department of State Manual "Administration and Enforcement of the
   Uniform Fire Prevention and Building Code and the State Energy
   Conservation Construction Code" (Revised 2023) ................................. 4,5

# INTRODUCTION

Plaintiffs have provided no basis for the Court to decline to dismiss all claims against the New York State Department of State ("Department"), the New York State Fire Prevention and Building Code Council ("Council"), and the individual Council members, based on those defendants' Eleventh Amendment sovereign immunity. As to the Department and Council, Plaintiffs concede that those parties are immune from suit in federal court. And as to the Council members, Plaintiffs oppose dismissal based on a strained theory of 'enforcement,' in the context of the *Ex parte Young* exception to state sovereign immunity, that cannot be sustained.

Plaintiffs claim injury directly from the Legislature's enactment of statutory provisions requiring that two existing sets of regulations – the Uniform Fire Prevention and Building Code ("Uniform Code") and the State Energy Conservation Construction Code ("Energy Code") – incorporate prohibitions on the installation of fossil-fuel equipment and building systems in certain types and sizes of buildings, commencing in 2026.[1] (*See, e.g.*, Complaint at ¶ 3; Opposition at 4). Because the Council is the state agency charged with maintaining those two Codes (N.Y. Exec. L. §§ 375, 377; N.Y. Energy L. § 11-103(2)), this legislative directive triggered a nondiscretionary duty to initiate a State Administrative Procedure Act process to integrate those legislatively mandated amendments into the two Codes. The amendments will not be self-executing and, as required by law, will be administered

---

[1] *See* N.Y. Energy L. § 11-104(6)-(8); N.Y. Exec. L. § 378(19).

and enforced exclusively by either the Secretary in his official capacity as Secretary, or by county or local officials. (N.Y. Exec. L. § 381).[2] The Council members thus lack the "enforcement connection" required to apply *Ex parte Young*.

Notwithstanding their allegations to the contrary (Complaint ¶¶ 36, 38), Plaintiffs now concede that the Council and its members have no code enforcement authority. (Opposition at 10). Instead, they claim that what they really meant was that the Council's compliance with the Legislature's command constitutes a form of enforcement of "the statute" (*Id.*) This also contradicts the Complaint (*See*, ¶ 37 alleging that Secretary has authority to enforce the statute in his capacity as Secretary but not in his capacity as Council member), but makes no difference. Plaintiffs' alleged injury stems directly from actions of the Legislature, not the actions of the Council. Plaintiffs may not maneuver around *Ex parte Young's* enforcement connection requirement by making the Council members a proxy for the Legislature because that is "merely making [the Council members] a party as a representative of the State, and thereby attempting to make the State a party." E*x parte Young*, 209 U.S. 123, 157 (1908).

Nor do Plaintiffs' case law citations support their position. As one of their lead cases explains, to meet the "enforcement connection" requirement under *Ex parte Young*, a plaintiff must show that the state officials named as defendants have authority to exercise "compulsion or constraint" with respect to the legal

---

[2] Administration and enforcement of the Energy Code is governed by the provisions in Section 381 of the Executive Law. N.Y. Eng. L. § 11-107.

2

provisions being challenged. *Texas Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). Plaintiffs concede that the Council and its members lack authority to compel or constrain Plaintiffs through enforcement of the Codes. (Opposition at 10). Nor is there validity to Plaintiffs' alternate theory: that the Council and its members possess authority to compel or constrain the parties who do have authority to implement and enforce the Codes, i.e., that the Council's performance of the nondiscretionary duty to integrate the Legislature's prohibition into the Codes imposes legal obligations on the officials authorized to enforce the Codes. (*Id.*) Those implementation and enforcement obligations are imposed directly by the Legislature (N.Y. Exec. L. § 381) and the Council possesses no authority to compel or constrain those officials. (N.Y. Exec. L. § 375).

In sum, Plaintiffs filed their case in federal rather than state court and must reckon with the consequences of that strategic choice: they can pursue prospective injunctive relief against the Secretary, in his official capacity as Secretary, but the Eleventh Amendment bars their claims against all other named defendants.

## BACKGROUND

In May 2023, the New York State Legislature adopted amendments to two statutes, the New York State Executive Law and the New York State Energy Law, to address the severe threat that combustion of fossil fuels in buildings poses to human health and the environment in New York State. The two nearly identical statutory provisions set forth requirements that, phasing in beginning in 2026, require the Uniform Code and the Energy Code to include prohibitions on "the

installation of fossil-fuel equipment and building systems" in certain types and sizes of buildings, subject to exceptions for certain types of businesses, facilities, or activities. (*See* N.Y. Energy L. § 11-104(6)-(8); N.Y. Exec. L. § 378(19)).

The Executive Law and Energy Law set forth the authorities and responsibilities for the development, maintenance, administration, and enforcement of the two Codes. (*See*, N.Y. Exec. L. §§ 375, 377, 381; N.Y. Energy L. §§ 11-103, 11-107). These provisions apply to the impending code amendments at issue here. The Department has also published a manual, entitled "Administration and Enforcement of the Uniform Fire Prevention and Building Code and the State Energy Conservation Construction Code," which provides a detailed explanation of both what those activities entail, as well as the duties and authorities of the state, county and local officials who are charged with undertaking those activities.[3]

As the manual explains, the Council is tasked with developing and maintaining the Codes but has no role in their administration or enforcement. (Ex. 1 at p. 3). Administration occurs via the permitting process, which is the responsibility of county, local or state officials *not* including the Council. This process provides the mechanism for the permitting authority to determine whether proposed construction will comply with the Codes, and whether any variances or modifications are necessary. (*Id*. at pp. 5-6, 10-12). Enforcement will then occur after permits have been issued and will be accomplished through, *inter alia*,

---

[3] That manual is attached hereto as Exhibit 1 and is available online at: https://dos.ny.gov/system/files/documents/2023/02/administration-and-enforcement-of-the-uniform-code-2302_0.pdf.

4

inspections, stop-work orders, and issuance of certificates of compliance when construction is complete. These enforcement activities are also the exclusive realm of county, local, or state officials not including the Council. (*Id.* at pp. 13-16).

## ARGUMENT

### I. The Council Members Lack the Enforcement Connection Required under *Ex Parte Young*

As set forth above and explained in Defendants' opening brief, the Council's role here is limited to performing the non-discretionary duty of integrating the Legislature's prohibition into the two Codes. (Complaint ¶ 50). The act of integrating the prohibitions into the two Codes does not constitute "enforcement," vis-à-vis Plaintiffs, because the provisions are not self-implementing, i.e., implementation will require action by the permit issuer and the Council has no authority to issue or deny permits.[4] (N.Y. Exec. L. §§ 375, 377). That role is assigned exclusively to local, county or state officials not including the Council. (N.Y. Exec. L. § 381). And any enforcement that may occur following permit issuance can also be pursued only by those entities, not the Council members. (*Id.*)

The Council members are thus not subject to federal court jurisdiction under *Ex parte Young* because they are not state officers "cloaked with a duty to enforce the laws of the state," who may enforce or even threaten to enforce "an

---

[4] This distinguishes the situation here from *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992), where the challenged statute was "simply not the type of statute that gives rise to enforcement proceedings."

unconstitutional act." *Snoeck v. Brussa*, 153 F.3d 984, 987 (9th Cir. 1998) (citing to *Ex parte Young* and dismissing claims against state judicial discipline commission based on lack of enforcement authority). Plaintiffs' effort to avoid this result is unavailing.

One aspect of Plaintiffs' effort is their use of language blurring the distinctions between the actions the Council is legally authorized to take and the actions the Secretary and local and county officials are authorized or obligated to take, equating the nondiscretionary integration of the Legislature's prohibition into the Codes with the administration and enforcement of the prohibition that will occur through the permitting and inspection processes, *see, e.g.*, Opposition at 6-7. Those very different actions and the terms describing them are not synonymous even in colloquial use, but under Executive Law sections 375, 377 and 381, and as the attached manual explains, they have distinct meanings and legal effects.

But Plaintiffs' primary stratagem is to pivot away from the Complaint's allegations that the Council members are charged with enforcing the Codes (Complaint ¶¶ 36, 38), and argue instead that the Council members' have the requisite enforcement connection because they are "enforcing" the statutes rather than the Codes. (Opposition at 10). The Court should reject this argument for at least two reasons. First, neither the Council nor its members have authority to enforce the statutes, which the Complaint acknowledges. (Complaint ¶ 37).

Second, the premise for the argument is flawed. Plaintiffs posit that it is the Council's action to integrate the prohibition into the Codes that will cause the

6

Secretary or county or local officials to enforce the prohibition, i.e., that action to integrate is "enforcement of the statute" and provides the requisite enforcement connection. (Opposition at 10). However, the relevant legal provisions refute the premise: it was the Legislature who specified the content of the prohibition (N.Y. Energy § 11-104(6)-(8); N.Y. Exec. § 378(19)), it was the Legislature who mandated integration of the prohibition into the Codes (*Id.*), and it was the Legislature who imposed the duty to enforce the Codes on the Secretary and county and local officials. (N.Y. Exec. L. § 381). Moreover, Plaintiffs claim injury directly from the Legislature's enactment of the statutes, irrespective of any Council action. (Complaint ¶ 3). This attempt to ascribe the actions of the Legislature to the Council and its members thus amounts to exactly what *Ex parte Young* does not allow: "making [the Council members] a party as a representative of the State, and thereby attempting to make the State a party." E*x parte Young*, 209 U.S. at 157.

Nor does Plaintiffs' laundry list of cases provide support for what they ask here: assertion of jurisdiction over state officials who possess no law enforcement authority.[5] As one of Plaintiffs' cases frames it, to have the requisite enforcement

---

[5] *See, e.g., Calzone v. Hawley*, 866 F.3d 866, 869-70 (8th Cir. 2017) (Superintendent of Highway Patrol had authority to direct officers to conduct inspections pursuant to challenged statute); *Russell v. Lundergan–Grimes*, 784 F.3d 1037, 1048 (6th Cir. 2015) (state officials were empowered not just to adopt regulations but to "administer" them); *Nassau & Suffolk Cnty. Taxi Owners Ass'n v. New York*, 336 F. Supp. 3d 50, 68 (E.D.N.Y. 2018) (Department of Motor Vehicles exercised authority to issue regulations administered by the Department through issuance of a license and enforceable by the Department); *Helicopter Ass'n Int'l v. Hawaii*, 2023 WL 6850157, at *5 (D. Haw. Oct. 17, 2023) (Hawaii Department of Transportation Commissioner had authority to promulgate regulations administered by the Department through issuance of a permit, and enforceable by the Department);

7

connection, the state officials must possess authority to exercise "compulsion or constraint" with respect to the challenged legal provision. *Texas Democratic Party, v. Abbott*, 978 F.3d at 180 (Secretary of State had authority under Texas Election Code to "compel or constrain" local officials' actions). That bare minimum requirement is absent here.

Finally, the Court should simply disregard Plaintiffs' baseless assertion that Defendants are employing gamesmanship to evade judicial review. (Opposition at 13 mischaracterizing Defendants' position as being that "it is too early to sue [the Council members] until it is too late.") Defendants' position is that the Council members lack the requisite *Ex parte Young* enforcement connection and are therefore immune from suit in federal court, without regard to the timing of either this lawsuit or any Council actions. Plaintiffs could have filed in state court, where sovereign immunity is not an issue, but made the strategic choice to file suit in federal court where all but one of the seventeen defendants they named have immunity. Any disadvantage Plaintiffs perceive from dismissal of the Department, the Council or the Council members is thus a problem of their own making.

In sum, Plaintiffs' have not provided the Court with any basis to decline to dismiss all claims against the Council members.

---

*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 827-28 & n.15 (10th Cir. 2007) (state officials conceded that they could enforce the laws being challenged and argued for immunity because they could not change those laws).

## II.     Dismissal Should be With Prejudice

Plaintiffs concede that the Department and Council have sovereign immunity and should be dismissed but argue that the dismissal should be without prejudice. (Opposition at 14). They cite to *Hernandez v. Conriv Realty Ass'n*, 182 F.3d 121, 123 (2d Cir. 1999), for the overbroad proposition that all dismissals for lack of subject matter jurisdiction must be without prejudice. (*Id.*) However, that case was decided in the context of denial of removal of a case from state court, the dismissal at issue had been imposed as a procedural sanction, and the dismissal applied to the case as a whole. (*Id.* at 123). In that context, the court's reluctance to dismiss with prejudice stemmed from its concern about Article III's limits on federal jurisdiction and the possibility for interference with the jurisdiction of the state court from which the case had been removed. (*Id.*) Thus, the case provides no guidance here.

The jurisdictional issue in this case arises in the context of the Eleventh Amendment, not Article III,[6] and dismissal will apply only to certain defendants, not the case as a whole. And the rationale for dismissal with prejudice, just as it was in a case Plaintiffs cited in their *Ex parte Young* argument (Opposition at 7), is that there is no scenario under which Plaintiffs could reassert claims against the state entities who are immune from suit in this Court. *See Helicopter Ass'n Int'l v. Hawaii*, 2023 WL 6850157, at *4 (D. Haw. Oct. 17, 2023) (where claims against

---

[6] Jurisdiction under the Eleventh Amendment is not co-extensive with the limitations on judicial power in Article III. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997).

9

state dismissed due to sovereign immunity, dismissal was "with prejudice because the claims cannot be saved by amendment."). Accordingly, this Court's order granting dismissal should be with prejudice to any amended complaint or other effort to refile claims against the dismissed Defendants. Furthermore, if Plaintiffs receive an adverse ruling on the merits as to the Secretary, they should not be permitted to use a dismissal without prejudice to avoid claim preclusion if they pursue the same claims against the dismissed Defendants in state court.

### III. Any Relief is Limited to the Prospective Injunctive Relief Available Under *Ex Parte Young*

Plaintiffs aver that, despite employing open-ended language in their request for relief (Complaint ¶ 91(d)), they do not seek relief against the state official defendants beyond the scope of what is permitted under *Ex parte Young*. (Opposition at 13-14). Nonetheless, they argue that Defendants and the Court should wait and see if they change course before any limitation on their open-ended request is imposed. (*Id.*) But if Plaintiffs mean what they aver, then there is no good-faith basis for their opposition and no reason to wait. The Court's order dismissing the Defendants who are immune from suit should confirm that, insofar as Plaintiffs are ever entitled to any relief here, that relief is limited to the prospective injunctive relief available under *Ex parte Young*.

### CONCLUSION

For all of the reasons stated above the Court should grant Defendants' Rule 12(b)(1) motion.

Dated: January 23, 2024

     New York, New York

                                      LETITIA JAMES
                                    Attorney General of the State of New York

                                  By:   */s/Gavin G. McCabe*
                                      Gavin G. McCabe (Bar Roll No. 704875)
                                      Timothy Hoffman
                                      Laura Mirman-Heslin
                                      Christopher Gore
                                      Assistant Attorneys General
                                      Office of the Attorney General
                                      Environmental Protection Bureau
                                      28 Liberty Street, 19th Floor
                                      New York, NY 10005
                                      Gavin.McCabe@ag.ny.gov