UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MULHERN GAS CO., INC.; NEW YORK STATE
BUILDERS ASSOCIATION; NATIONAL
ASSOCIATION OF HOME BUILDERS; NEW
YORK PROPANE GAS ASSOCIATION;
NATIONAL PROPANE GAS ASSOCIATION;
NORTHEAST HEARTH, PATIO AND
BARBECUE ASSOCIATION; PLUMBING
CONTRACTORS ASSOCIATION OF LONG
ISLAND; LICENSED PLUMBING
ASSOCIATION OF NEW YORK CITY, INC. d/b/a
Master Plumbers Council of the City of New York;
HOLMES MECH. LLC; INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL 1049; PLUMBERS LOCAL UNION
NO. 200; INTERNATIONAL BROTHERHOOD
OF ELETRICAL WORKERS LOCAL UNION 97;
AND TRANSPORT WORKERS UNION LOCAL 101,
AFL-CIO,

                         Plaintiffs,

v.                                                        1:23-CV-1267
                                                          (GTS/CFH)

ROBERT J. RODRIGUEZ in his official capacity as
New York Secretary of State and member of the State
Fire Prevention and Building Code Council; NEW
YORK DEPARTMENT OF STATE; NEW YORK
STATE FIRE PREVENTION AND BUILDING CODE
COUNCIL; JAMES CABLE in his official capacity
as a member of the State Fire Prevention and Building
Code Council; RUTHANNE VISNAUSKAS in her
official capacity as a member of the State Fire Prevention
And Building Code Council; ROBERTA REARDON, in
her official capacity as a member of the State Fire
Prevention and Building Code Council; ERIC ADAMS
in his official capacity as a member of the State Fire
Prevention and Building Code Council; MICHAEL
SPANO in his official capacity as a member of the
State Fire Prevention and Building Code Council;
JOSEPH M. DeSTEFANO in his official capacity as
a member of the State Fire Prevention and Building Code
Council; CLAUDIA BRAYMER in her official capacity

as a member of the State Fire Prevention and Building
Code Council; JOSEPH TOOMEY in his official capacity
as a member of the State Fire Prevention and Building
Code Council; SHAWN HAMLIN in his official
capacity as a member of the State Fire Prevention and
Building Code Council; TIMOTHY DeRUYSCHER in
his official capacity as a member of the State Fire
Prevention and Building Code Council; ROBERT HUGHES
in his official capacity as a member of the State Fire
Prevention and Building Code Council; WILLIAM W.
TUYN in his official capacity as a member of the State
Fire Prevention and Building Code Council; PATRICK
DOLAN in his official capacity as a member of the State
Fire Prevention and Building Code Council; and
DOMINIC MARINELLI in his official capacity as
a member of the State Fire Prevention and Building Code
Council,

Defendants.

---

APPEARANCES:                                          OF COUNSEL:

REICHMAN JORGENSEN LEHMAN                             CAROLINE M. WALTER, ESQ.
& FELDBERG LLP
  Counsel for Plaintiffs
400 Madison Avenue, Suite 14d
New York, NY 10017

1201 West Peachtree Street, Suite 2300               SARAH JORGENSEN, ESQ.
Atlanta, GA 30309

1909 K Street NW, Suite 800                           BRIAN C. BARAN, ESQ.
Washington, DC 20006

100 Marine Parkway, Suite 300                         COURTLAND L. REICHMAN, ESQ.
Redwood, CA 94065

HON. LETITIA JAMES                                    GAVIN G. MCCABE, ESQ.
NEW YORK STATE ATTORNEY GENERAL                       LAURA MIRMAN-HESLIN, ESQ.
  Counsel for Defendants                    Assistants Attorney General
28 Liberty Steet, 19th Floor
New York, NY 10005

Main Place Tower, Suite 300A                          CHRISTOPHER C. GORE, ESQ.

2

Assistant Attorney General

350 Main Street                                    TIMOTHY L. HOFFMAN, ESQ.
Buffalo, NY 14202                                  Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this declaratory judgment action filed by Mulhern Gas Co., Inc, New York State Builders Association, National Association of Home Builders, New York Propane Gas Association, National Propane Gas Association, Northeast Hearth, Patio and Barbecue Association, Plumbing Contractors Association of Long Island, Licensed Plumbing Association of New York City, Inc., Holmes Mech. LLC, International Brotherhood of Electrical Workers Local 1049, Plumbers Local Union No. 200, International Brotherhood of Electrical Workers Local Union 97, and Transport Workers Union Local 101 AFL-CIO ("Plaintiffs") against New York Secretary of State Robert J. Rodriguez, the New York Department of State, the New York State Fire Prevention and Building Code Council, and various members of the State Fire Prevention and Building Code Council (collectively "Defendants"), is Defendants' motion to dismiss various claims and Defendants in Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 19.)  For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I.      RELEVANT BACKGROUND

### A.      Plaintiffs' Complaint

Generally, in their Complaint, Plaintiffs seek declaratory and injunctive relief related to New York statutes implementing a ban on natural gas and propane infrastructure in new construction projects that they allege are preempted by the Energy Policy and Conservation Act

("EPCA"). (Dkt. No. 1.) Specifically, Plaintiffs allege that, on May 2, 2023, the New York legislature adopted as part of its 2024 fiscal year budget two amendments to New York's Energy Law and Executive Law "that mandate a prohibition on 'the installation of fossil-fuel equipment and building systems' in most new buildings under seven stories." (*Id.* at ¶ 42.) These amendments allegedly direct the New York State Fire Prevention and Building Code Council ("Code Council") to amend the Energy Conservation and Construction Code ("Energy Code") and the Uniform Fire Prevention and Building Code ("Building Code") to include the prohibitions in the content and manner dictated by those amendments. (*Id.* at ¶¶ 43-44.)

**B.    Parties' Briefing on Defendants' Motion to Dismiss**

**1.    Defendants' Memorandum of Law**

Generally, in their motion to dismiss, Defendants make three arguments. (Dkt. No. 19, Attach. 1.) First, Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiffs' claims against the New York Department of State and the Code Council, because those entities are protected by sovereign immunity under the Eleventh Amendment. (*Id.* at 8-10.) Specifically, Defendants argue that the Department of State and the Code Council are state agencies and/or instrumentalities that are entitled to all the protections and immunities of the state itself and that such immunity has not been either waived or abrogated related to the asserted claims. (*Id.*)

Second, Defendants argue that the Eleventh Amendment also bars Plaintiffs' claims against the individual members of the Code Council, who have all been sued in their official capacities. (*Id.* at 10-14.) Specifically, Defendants argue that the Code Council (and its members) have no authority to enforce the allegedly preempted portions of the Energy and

4

Building Codes, but instead the only authority that has been delegated to them by the New York Legislature is that which is outlined in the relevant sections of the Energy Law and Executive Law (which does not include enforcement authority), and, in fact, the Legislature explicitly delegated enforcement authority of the Codes to local government, county government, and the Secretary of State. (*Id.*) Defendants further argue that the Court should reject any argument that the Code Council's process of adopting the relevant amendments constitutes an "enforcement connection" because the act of incorporating the amendments into the relevant codes at the direction of the Legislature is not an enforcement of the challenged gas ban. (*Id.*)

Third, Defendants argue that, although the Eleventh Amendment does not bar claims against Defendant Rodriguez in his capacity as Secretary of State, it limits such claims to only prospective relief for ongoing violations of federal constitutional law, and, as a result, any request for relief that would extend beyond this limit should be dismissed based on a lack of subject matter jurisdiction over such relief. (*Id.* at 14-15.)

### 2.      Plaintiffs' Opposition Memorandum of Law

Generally, in their opposition memorandum of law, Plaintiff makes three arguments. (Dkt. No. 22.)  First, Plaintiffs argue that the members of the Code Council are not subject to sovereign immunity under the Eleventh Amendment. (*Id.* at 12-19.)  Specifically, Plaintiffs argue that the members of the Code Council have a sufficient connection with the enforcement of the gas ban because "they have a nondiscretionary duty to amend the Codes to implement the statutorily mandated ban" and such implementation amounts to an enforcement of the relevant statutes because the "authority to promulgate regulations under the challenged statute is a sufficient connection to enforcement." (*Id.* at 12-15.)   They also argue that they seek

prospective relief related to an ongoing violation of federal law as required under *Ex Parte Young*. (*Id.*)  Plaintiffs further argue that it does not matter whether the members of the Code Council will be responsible for enforcing the Codes they implement because their duty to adopt the Codes is itself an enforcement of the relevant statutes, and *Ex Parte Young* is not limited to situations where the plaintiff is seeking to enjoin officials from bringing civil or criminal enforcement proceedings. (*Id.* at 16-19.)

Second, Plaintiffs argue that the Court should not dismiss any of the asserted bases for relief because they are not seeking damages or any form of improper retrospective relief and any "other or further relief as the Court may deem just and proper" inherently could be construed only as relief that is permitted by the bounds of the applicable law. (*Id.* at 19-20.)

Third, Plaintiffs concede that the New York Department of State and the Code Council must be dismissed based on sovereign immunity, but argue that such dismissal should be without prejudice as a result of the dismissal being based on a lack of subject-matter jurisdiction. (*Id.* at 20.)

### 3.      Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants make three arguments. (Dkt. No. 25.)  First, Defendants argue that the members of the Code Council lack the enforcement connection required to overcome the Eleventh Amendment, because their role is limited to "performing the non-discretionary duty of integrating the Legislature's prohibitions into the two Codes" and such action does not, by itself, impose any limitation or restriction on Plaintiffs given that other entities are required to issue permits and inspections before any enforcement could be taken against Plaintiffs. (*Id.* at 9-12.)  Defendants further argue that Plaintiffs'

argument that the Code Council enforces the statutes as opposed to the Codes they are tasked with implementing must be rejected, because (a) the Complaint itself acknowledges that neither the Code Council nor its members have the authority to enforce the statutes, and (b) the members of the Code Council are not enforcing anything by implementing the statutes into the Codes given that it was the Legislature who enacted the content of the relevant gas prohibition, who has mandated the Code Council to integrate the statutes into the Code, and who imposed the duty of enforcement of the Codes onto entities or persons other than the Code Council.  (*Id.*)  Defendants argue that Plaintiffs' arguments amount to little more than an improper attempt to make the Code Council members stand in for the state legislature, who Plaintiffs are unable to sue because of sovereign immunity.  (*Id.*)

Second, Defendants argue that the dismissal of Plaintiffs' claims should be with prejudice because jurisdiction under the Eleventh Amendment is not coextensive with Article III and "there is no scenario under which Plaintiffs could reassert claims against the state entities who are immune from suit in this Court."  (*Id.* at 13-14.)

Third, Defendants argue that relief against Defendant Rodriguez should be limited explicitly to prospective injunctive relief.  (*Id.* at 14.)

## II.    GOVERNING LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to

dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113.  The plaintiff bears

the burden of proving subject-matter jurisdiction by a preponderance of the evidence.

*Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a

court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must

be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp.*

*Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

   Generally, dismissals for lack of subject-matter jurisdiction must be without prejudice

(because the Court lacks jurisdiction to pass on the merits of the claims asserted).  *See Katz v.*

*Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is

dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the

power to dismiss [the] case with prejudice.'").

   Finally, it appears to be a factually specific inquiry (if not an open question) whether a

dismissal based on sovereign immunity is one based on a lack of subject-matter jurisdiction

under Fed. R. Civ. P. 12(b)(1) or one based on a failure to state a claim under Fed. R. Civ. P.

12(b)(6).  *Compare Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)

("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter

jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the

Supreme Court and the Second Circuit.... More recently, we held that the burden of proof in a

case involving the assertion of sovereign immunity is on the party asserting it—a holding that we

acknowledged is more consistent with the understanding that sovereign immunity was an

affirmative defense.") *with Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996)

8

(treating a dismissal of a claim under the Federal Tort Claims Act based on sovereign immunity as one based on lack of subject-matter jurisdiction).

III.   **ANALYSIS**

   A.   **Whether Plaintiffs' Claims Against Members of the Code Council Are Barred by the Eleventh Amendment**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.  *See, supra,* Part I.B.1 and 3 of this Decision and Order.  To those reasons, the Court adds the following analysis.

"[T]hrough the doctrine of *Ex Parte Young*, a party may bring 'a suit for injunctive [or declaratory] relief challenging the constitutionality of a state official's actions in enforcing state law.'"  *Taylor v. New York State Office for People with Developmental Disabilities*, 13-CV-0740, 2014 WL 1202587, at *6 (N.D.N.Y. Mar. 24, 2014) (Mordue, J.) (quoting *CSX Transp., Inc. v. New York State Off. of Real Prop. Servs.*, 306 F.3d 87, 98 [2d Cir. 2002]).  "[B]ecause an unconstitutional legislative enactment is 'void,' a state official who enforces that law 'comes into conflict with the superior authority of [the] Constitution,' and therefore is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct,'" and "'[t]he State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.'"  *Virginia Off. for Protection and Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (quoting *Ex Parte Young*, 209 U.S. 123, 159-60 [1908]).[1]

---

[1]    Preemption is a matter of constitutionality by virtue of its basis in the Supremacy Clause. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015) (noting that, in the context of how the Supremacy Clause affects proceedings in federal courts, "as we have long recognized, if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted").

In other words, "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Virginia Off. for Protection and Advocacy*, 563 U.S. at 255.

   For this exception to sovereign immunity to apply, a complaint must allege "an ongoing violation of federal law" and seek "relief properly characterized as prospective." *Gazzola v. Hochul*, 645 F. Supp. 3d 37, 58 (N.D.N.Y. 2022) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 [2d Cir. 2007]).  Further, "the state officer against whom a suit is brought 'must have some connection with the enforcement of the act' that is in continued violation of federal law," and "[s]o long as there is such a connection, it is not necessary that the officer's enforcement duties be noted in the act." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex Parte Young*, 209 U.S. 123, 154, 157 [1908]); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 54 (2021) (concurrence in part) ("[A]n *Ex Parte Young* defendant must have 'some connection with the enforcement of the act'–*i.e.*, 'the right and power to enforce' the 'act alleged to be unconstitutional.'").

   It is important to place the context of this case into proper focus.  Plaintiffs' Complaint unambiguously alleges that it is the relevant amendments to the Energy Law and Executive Law that New York passed as part of its 2024 budget that are preempted by federal law and thus unconstitutional.  (Dkt. No. 1, at ¶¶ 42, 91.)  It is therefore those statutes that the relevant Defendants must have some connection with the enforcement of, not the Codes that they are tasked with eventually enacting.  Plaintiffs argue that this connection is established by the fact that the Code Council is mandated by the statutory amendments to adopt the content of those

amendments into the Energy Code and Building Code because implementing those amendments into the Codes constitute an enforcement of the statute.

As an initial matter, the Court acknowledges that the paragraph in the Complaint relating to the Code Council officials alleges that "[a]s members, they are responsible for amending and enforcing New York State's Uniform Fire Prevention and Building Code and Energy Conservation Construction Code incorporating the gas ban": this admittedly appears to allege that it is the amendments to the Codes that these officials have enforcement power over, not the relevant statutory amendments themselves.  (Dkt. No. 1, at ¶ 38.)[2]  If that were the case, Plaintiff's argument would fail given that there has been no allegation or relevant submitted evidence to even suggest that the members of the Code Council enforce the Codes after they are enacted; as will be discussed below, the relevant statutes and related provisions of the New York Executive Law affirmatively place enforcement responsibility on the Secretary and local/county government, not the Code Council.[3]

However, drawing all reasonable inferences in favor of the Plaintiffs at this stage, the inclusion of "amending" could plausibly be construed as alleging an action of enforcing the statutory amendments through implementation of the Codes, given that other allegations make clear that such amendments are mandatory by the very wording of the statutes.  (Dkt. No. 1, at ¶¶

---

[2]     The Court notes that, as far as the briefing indicates, the amendments to the Code have not yet been adopted, a fact that poses a problem for any claim premised on the Codes themselves.

[3]     Plaintiffs also appear to expressly disavow any such allegation based on the arguments presented in their response memorandum of law: "But Code enforcement is not why the Council members are in this suit.  The Council members are here because they have a nondiscretionary statutory obligation to adopt code provisions implementing the ban–and thus to enforce the challenged statute."  (Dkt. No. 22, at 7.)

42-44, 49-50.)  The Court therefore declines to go as far as Defendants argue, and instead finds

that the arguments Plaintiffs now assert in their memoranda can be located within the allegations

of the Complaint.

Turning to the substance of the arguments here, the Court acknowledges that this case

presents a somewhat unusual factual situation, one in which a state legislature passed the statute

that Plaintiffs assert is unconstitutional, but such law (although codifying the relevant restrictions

on installation of gas equipment) has little or no practical effect in terms of enforcement against

the Plaintiffs until it is implemented as directed through the Codes.  Indeed, the statutory

amendments do not themselves implement a prohibition on fossil-fuel equipment and systems

through which a state official can enforce such a ban, but instead they direct that such a

prohibition should be put into the Codes which, according to other provisions of Article 11 of the

Energy Law and Article 18 of the Executive Law, can then be enforced by the Secretary of State

and certified local and municipal code enforcement personnel that are trained pursuant to rules

and regulations adopted by the Secretary of State.  N.Y. Energy. L. § 11-107; N.Y. Exec. L §§

377(1), 381.

Nonetheless, under the specific circumstances presented here, the Court finds that suing

the individual members of the Code Council in their official capacity is little more than an

attempt to sue the State under a different name, because those members (with the exception of

Defendant Rodriguez, by virtue of his additional title and responsibilities in his capacity as

Secretary) do not have a sufficient connection to the enforcement of the relevant statute.  *See Ex

Parte Young*, 209 U.S. at 157 (stating that there must be a sufficient connection between the

officer and the enforcement of the act "or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party").

Even according to Plaintiff's own factual allegations, the members of the Code Council act collectively as a sort of middleman related to the relevant statute, implementing the amendments to the Code as directed by the Legislature (a mandate that specifically requires the restrictions on the use and installation of gas equipment to which Plaintiffs object) with no discretion to deviate from what the Legislature has directed them to include in the Code. (Dkt. No. 1, at ¶¶ 42-50.) Indeed, Plaintiff acknowledges that, "[b]ecause the statutes provide that the Codes 'shall prohibit' gas appliances and infrastructure by the effective dates, the Code Council has a statutory obligation to integrate the ban into the Codes," and it "does not have discretion to delay the gas ban, refuse to implement it, or alter its scope." (*Id.* at ¶ 49.) Plaintiffs' own allegations therefore appear to recognize that it is the Legislature, not the Code Council or any of its members, that has mandated the policy to which they object, and the fact that the Code Council is tasked with integrating that mandatory policy into the Codes does not transform the members of the Code Council into the authors or the enforcers of that policy; they are merely doing what is required of them pursuant to the Legislature's enacted statute.

Although Plaintiffs appear to argue that the fact that the duty to implement that restriction related to gas equipment was non-discretionary somehow suggests that the members of the Code Council are enforcing the statute through adhering to that duty, they cite no authority to support that assertion. Moreover, the various cases Plaintiffs cite regarding situations in which state officials have been found to have enforcement authority in part where they possessed a regulatory or rulemaking authority under a challenged statute are inapposite. (Dkt. No. 22, at 13-

14.)  None of these cases stands for the proposition that the delegation of a duty to codify provisions dictated by a statute or even of rulemaking or regulatory authority, *by itself*, constitutes a connection with the enforcement of the statute.  In one such case, the ability "to promulgate rules and regulations relating to the implementation of the provisions" was the basis for a finding of a connection with enforcement, but that involved "directions that patrol officers should implement the statute by conducting vehicle inspections";[4] unlike that situation, the members of the Code Council do not here have the power to direct the eventual enforcement agents to do anything, but instead they merely codify the requirements of the statute–it is the Secretary and local/county governments (through code enforcement divisions) that direct how the Codes should be enforced.[5]  Again, in this case, although codification of the restriction on gas equipment is a step in the path of allowing eventual enforcement, the act of codification itself does not enforce the terms of the statute against any individual and the members of the Code

---

[4]    *Calzone v. Hawley*, 866 F.3d 866, 869-70 (8th Cir. 2017).

[5]    The Court finds that *Nassau & Suffolk Cnty. Taxi Owners Ass'n v. New York*, 336 F. Supp. 3d 50 (E.D.N.Y. 2018) is also not analogous because, although the relevant statute there delegated authority to the commissioner of the Department of Motor Vehicles to promulgate regulations regarding the issuance of licenses necessary to allow persons to operate as a TNC under the statute and the commissioner had acted on that authority, (a) the regulations promulgated by the commissioner in that case appear to have involved more discretion in their content (whereas, in the current case, the members of the Code Council are essentially codifying what has been dictated by the Legislature), (b) the commissioner himself had some degree of enforcement power regarding the granting of the relevant licenses in addition to mere rulemaking authority (whereas the Code Council does not have any power to enforce the relevant amendments to the Code), and (c) there is no allegation that the members of the Code Council have actually acted on their delegated authority under the statute at this point in time.  Moreover, as will be discussed below, although the Legislature directed that the relevant amendments be integrated into the Codes, relevant statutory authority indicates that any amendments to the Code can become effective only upon the approval of the Secretary, a fact which calls into question whether the members of the Code Council themselves actually possess any rulemaking authority as a practical matter as to the relevant provisions challenged here.  N.Y. Exec. L. § 377(1).

14

Council do not have the authority to enforce the Code it enacts.  N.Y. Energy L. § 11-107; N.Y. Exec. L. § 376-a; N.Y. Exec. L. § 381.

Again, although the Legislature tasked the Code Council with incorporating the relevant restrictions into the Codes, the statutes themselves specify that the enforcement of the relevant provisions related to gas equipment is to be carried out by the Secretary and county or local governments.  *See* N.Y. Energy L. § 11-107 (referencing N.Y. Exec. L. § 381).  The fact that the Secretary or county/local governments would not enforce the provisions mandated by the statute until the Codes are amended to reflect the Legislature's directions in the relevant statutes does not transform the adoption of the Codes into an enforcement action.

The circumstances here are somewhat–although not completely–analogous to those in *NASD Dispute Resolution, Inc. v. Judicial Council of California*, 232 F. Supp. 2d 1055 (N.D. Ca. 2002), *vacated on other grounds by* 488 F.3d 1065 (9th Cir. 2007).  In that case, the U.S. District Court for the Northern District of California found that members of the state's Judicial Council were entitled to immunity pursuant to the Eleventh Amendment where the law challenged (which was passed by the California legislature) "mandated the creation of standards by an independent policymaking body."  *NASD*, 232 F. Supp. 2d at 1064-65.  The court reasoned that there is a difference between the enforcement of a policy that may violate federal law and the mere creation of such a policy, noting that "[f]ederal law may prevent particular applications of the ethical standards, but the creation of those standards was not itself a prohibited act."  *Id.* at 1065.  Furthermore, the court directly rejected the plaintiffs' argument that obeying the legislature's mandate to draft the relevant guidelines constituted an enforcement.  *Id.*  Similarly, here, the members of the Code Council have been delegated the responsibility of codifying the

15

restriction on gas equipment specified by the statute enacted by the Legislature; they have no involvement in the application or eventual enforcement of the amendments to the Code that they implement.  To hold the members of the Code Council responsible for merely codifying what the Legislature enacted would be, in essence, to allow a suit against the State under another guise, a result that *Ex Parte Young* is designed to prevent.

Moreover, N.Y. Exec. L. § 377 states as follows:

> The council may from time to time amend particular provisions of the uniform code and shall periodically review the entire code to ensure that it effectuates the purposes of this article and the specific objectives and standards hereinafter set forth.  The secretary shall conduct public hearings on said uniform code and any amendment thereto.  The secretary shall review such code or amendment, together with any changes incorporated by the council as a result of such hearings, to insure that it effectuates the purposes of this article.  *Upon being so satisfied, the secretary shall approve said code or amendment prior to its becoming effective.*

N.Y. Exec. L. § 377(1) (emphasis added).

This section makes clear that, although the members of the Code Council create amendments to the Codes, such amendments must be reviewed and approved specifically by the Secretary before they can become effective.  In other words, it is the Secretary, and not the members of the Code Council, that enacts amendments to the Codes; and thus it is the Secretary that has the authority to implement the relevant statutes directing the gas equipment amendments that Plaintiffs now challenge, even if it is the members of the Code Council who prepare or write the relevant amendments.  Therefore, even if it could be said that there is some measure of "enforcement" of the statutes in the adoption of the statutes' requirements into the Codes, it is

the Secretary that is ultimately responsible for that enforcement by virtue of the Secretary having the final approval of any code amendments.

For all of the above reasons, the Court finds that Plaintiffs have not alleged facts plausibly suggesting that the members of the Code Council in their official capacities had a sufficient enforcement connection to render them subject to suit under the *Ex Parte Young* exception.

**B.      Whether Dismissal of Claims Against Various Defendants on the Basis of Sovereign Immunity Should Be Without Prejudice**

After careful consideration, the Court answers this question in the affirmative for the following reasons.

Plaintiffs acknowledge that the claims against Defendants New York Department of State and Code Council must be dismissed based on the application of sovereign immunity, but argue that the dismissal must be without prejudice because it is premised on a lack of jurisdiction. (Dkt. No. 22, at 20.)  In response, Defendants argue that the dismissal should be with prejudice because it occurs in the context of the sovereign immunity rather than Article III jurisdiction, and therefore the principle on which Plaintiffs rely does not apply.  (Dkt. No. 25, at 13-14.)

Whether a dismissal pursuant to the Eleventh Amendment is jurisdictional or merely an affirmative defense is an unsettled question in federal jurisprudence, with significant disagreement and varying outcomes amongst the district and circuit courts throughout the country.  *See Ripa v. Stony Brook Univ.,* 808 F. App'x 50, 50 n.1 (2d Cir. 2020) ("Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or this Court."); *accord Allco Fin. Ltd. v. Roisman*, 22-2762, 2023 WL 4571965, at *1 (2d Cir.

17

July 18, 2023).  In addition to affecting matters such as whether a motion arises under Fed. R.

Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6) and which party bears the burden to establish the

entitlement (or lack thereof) to such immunity, it impacts whether a dismissal on that basis

should be with or without prejudice, given that a dismissal for lack of jurisdiction must

necessarily be without prejudice.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir.

2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with

prejudice.").  Notably, neither party acknowledges this significant uncertainty in the relevant law

related to this issue or offers any concrete persuasive argument grounded in the law related to

whether Eleventh Amendment immunity is jurisdictional or an affirmative defense.

        In light of this significant uncertainty (and the fact that Defendants themselves have

framed this motion as a request for dismissal based on a lack of subject-matter jurisdiction under

Fed. R. Civ. P. 12(b)(1)), the Court finds that the most appropriate course is to dismiss the claims

against Defendant New York Department of State, Defendant Code Council, and the various

individual defendant members of the Code Council in their official capacities only without

prejudice.  The Court hastens to add, however, that this finding does not mean that Plaintiffs

would be permitted to amend their Complaint as to any of the claims against those Defendants,

given that their status as State entities and the Court's above analysis pursuant to *Ex Parte Young*

shows that the defects in Plaintiff's claims against those Defendants cannot be cured by the

pleading of any additional factual allegations.  *See, e.g., Verdi v. Farah*, 22-CV-0825, 2022 WL

4236401, at *9 n.9 (Sept. 14, 2022) (Sannes, C.J.); *Cox v. Morley*, 20-CV-1235, 2020 WL

6781522, at *10, n.12 (N.D.N.Y. Nov. 18, 2020) (Sharpe, J.).

Finally, the Court must address Defendants' suggestion that a dismissal without prejudice should not be allowed because Plaintiffs may use such dismissal to refile their claims in state court and avoid claim preclusion if they receive an adverse determination on the remaining claim against Defendant Rodriguez in his capacity as Secretary.  Given that the sole claim in this case involves the question of whether federal law preempts the relevant state law, and the analysis of that question would be the same regardless of which defendant it is asserted against, Defendants' fears that Plaintiffs could somehow use a dismissal without prejudice to get a second chance in a state court are unfounded; a state court could not simply ignore the preclusive effect of this Court's finding regarding the issue of preemption in any subsequent proceeding.

For the above reasons, the Court finds that the dismissal of the relevant Defendants should be without prejudice.

### C.   Whether the Court Should Limit Plaintiffs' Claim Against Defendant Rodriguez

Defendants lastly argue that the Court should limit the relief sought by Plaintiffs to only the prospective injunctive relief that is permitted by the Eleventh Amendment because Plaintiffs have indicated in their Complaint that they are seeking "other and further relief as the Court may deem just and proper."  (Dkt. No. 19, Attach. 1, at 14-15.)  The Court finds no reason to grant that requested relief at this time.  It is well established that Plaintiffs would be entitled only to relief that is permitted under the *Ex Parte Young* exception as to Defendant Rodriguez, and the Court is certainly aware of that fact.  Because there is no indication that Plaintiffs are attempting, or will attempt, to seek any relief beyond that scope, the Court declines to grant the requested relief unless and until an actual controversy becomes apparent.  Defendants, of course, will be permitted to raise the issue again at such time.

19

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 19) is **GRANTED in part** and **DENIED in part without prejudice**, such that Plaintiff's claims against Defendants New York Department of State, Code Council, and members of the Code Council sued in their official capacity are **DISMISSED** without prejudice pursuant to the Eleventh Amendment.

Dated: August 29, 2024
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge