**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MULHERN GAS CO., INC.; NEW YORK STATE BUILDERS ASSOCIATION; NATIONAL ASSOCIATION OF HOME BUILDERS; NEW YORK PROPANE GAS ASSOCIATION; NATIONAL PROPANE GAS ASSOCIATION; NORTHEAST HEARTH, PATIO AND BARBECUE ASSOCIATION; PLUMBING CONTRACTORS ASSOCIATION OF LONG ISLAND; LICENSED PLUMBING ASSOCIATION OF NEW YORK CITY, INC., d/b/a Master Plumbers Council of the City of New York; HOLMES MECH. LLC; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1049; PLUMBERS LOCAL UNION NO. 200; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 97; and TRANSPORT WORKERS UNION LOCAL 101, AFL-CIO, <br><br><br>Plaintiffs<br><br>v.<br><br>ROBERT J. RODRIGUEZ, in his official capacity as New York Secretary of State and member of the State Fire Prevention and Building Code Council; NEW YORK DEPARTMENT OF STATE; NEW YORK STATE FIRE PREVENTION AND BUILDING CODE COUNCIL; and JAMES CABLE, RUTHANNE VISNAUSKAS, ROBERTA REARDON, ERIC ADAMS, MICHAEL SPANO, JOSEPH M. DESTEFANO, CLAUDIA BRAYMER, JOSEPH TOOMEY, SHAWN HAMLIN, TIMOTHY DERUYSCHER, ROBERT HUGHES, WILLIAM W. TUYN, PATRICK DOLAN, and DOMINIC MARINELLI, in their official capacities as members of the State Fire Prevention and Building Code Council,<br><br>Defendants. | Civil Action No.  1:23-CV-1267 (GTS/CFH)<br><br><br>**ANSWER** |

Defendant Walter T. Mosley[1], in his official capacity as New York Secretary of State, by his attorney the New York State Office of the Attorney General, for his answer to the Complaint, dated October 12, 2023, avers as set forth below:

1.     Paragraph 1 is a statement of the relief sought by Plaintiffs for which no response is required. To the extent a response is required, the allegations are denied.

2.     Paragraph 2 states a legal conclusion for which no response is required. To the extent that a response is required, the allegations are denied.

3.     Denies that New York's 2023 amendments to its Energy Law and Executive Law (the "Energy and Executive Law Amendments") are subject to express preemption under federal law, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 3.

4.     Paragraph 4 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

5.     As to the allegations set forth in paragraph 5, respectfully refers the Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

6.     As to the allegations set forth in paragraph 6, admits that the Ninth Circuit issued an opinion reported at *Cal. Rest. Ass'n v. City of Berkeley*, 65 F.4th

---

[1] When this case was filed, Robert J. Rodriguez was the New York Secretary of State. As of May 2024, the New York Secretary of State is Walter T. Mosley. Pursuant to Federal Rule of Civil Procedure 25(d), Walter T. Mosley, in his official capacity as the Secretary of State, is automatically substituted for Robert J. Rodriguez.

1045 (9th Cir. 2023), *amended by* 89 F.4th 1094 (9th Cir. 2024), respectfully refers the Court to the cited opinion as the best evidence and most complete statement of its contents, and admits that New York has not applied for a waiver from the Secretary of Energy. The remaining allegations state legal conclusions to which no response is required but, to the extent a response is required, denies the allegations.

7.      Paragraph 7 states a legal conclusion and contains a statement of the relief sought by Plaintiffs, for which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION

8.      Paragraph 8 states a legal conclusion for which no response is required.

## VENUE

9.      Paragraph 9 states a legal conclusion for which no response is required. Affirmatively avers that all defendants other than Robert J. Rodriguez in his official capacity as New York Secretary of State have been dismissed by this Court's order dated 8/29/24, Dkt. No. 28. Robert J. Rodriguez is no longer the Secretary of State for New York State.

## PARTIES

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.    Paragraph 34 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

35.    As to the allegations set forth in paragraph 35, denies that New York Department of State is a defendant in this action as it was dismissed by this Court's

order dated 8/29/24, Dkt. No. 28. Admits that the New York Department of State is an agency of the New York State government under the leadership of the Secretary of State of New York, but the remaining allegations are plaintiffs' characterizations of the contents of the legal provisions governing the Secretary's responsibilities. Defendant respectfully refers the Court to those legal provisions, including but not limited to Article 18 of the Executive Law and Article 11 of the Energy Law, as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

36.    As to the allegations set forth in paragraph 36, denies that New York State Fire Prevention and Building Code Council (the "Code Council") is a defendant in this action as it was dismissed by this Court's order dated 8/29/24, Dkt. No. 28. Admits that the Code Council is a council under the Department of State (*see* Executive Law 374), but the remaining allegations are plaintiffs' characterizations of the contents of the legal provisions governing the Code Council's authorities and responsibilities. Defendant respectfully refers the Court to those legal provisions, including but not limited to Article 18 of the Executive Law and Article 11 of the Energy Law, as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

37.    As to the allegations set forth in paragraph 37, denies that Robert J. Rodriguez is a defendant in this action as he was dismissed in his official capacity as a member of the Code Council by this Court's order dated 8/29/24, Dkt. No. 28, and Robert J. Rodriguez is no longer the New York Secretary of State or a member of the Code Council. The remaining allegations are plaintiffs' characterizations of the

contents of the legal provisions governing the Secretary's and Code Council's authorities and responsibilities. Defendant respectfully refers the Court to those legal provisions, including but not limited to Article 18 of the Executive Law and Article 11 of the Energy Law, as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

38.     As to the allegations in paragraph 38, denies that James Cable, RuthAnne Visnauskas, Roberta Reardon, Eric Adams, Michael Spano, Joseph M. DeStefano, Claudia Braymer, Joseph Toomey, Shawn Hamlin, Timothy DeRuyscher, Robert Hughes, William W. Tuyn, Patrick Dolan, and Dominic Marinelli are defendants in this action as they were dismissed by this Court's order dated 8/29/24, Dkt. No. 28. Denies that Claudia Braymer is currently a member of the Code Council. Admits that James Cable, RuthAnne Visnauskas, Roberta Reardon, Eric Adams, Michael Spano, Joseph M. DeStefano, Joseph Toomey, Shawn Hamlin, Timothy DeRuyscher, Robert Hughes, William W. Tuyn, Patrick Dolan, and Dominic Marinelli are members of the Code Council. The remaining allegations are plaintiffs' characterizations of the contents of the legal provisions governing the Code Council's authorities and responsibilities. Defendant respectfully refers the Court to those legal provisions, including but not limited to Article 18 of the Executive Law and Article 11 of the Energy Law, as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

39.     Paragraph 39 states a legal conclusion for which no response is required.

To the extent a response is required, the allegations are denied.

40.     Paragraph 40 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

41.     Paragraph 41 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

## ALLEGATIONS

42.     As to the allegations in paragraph 42, admits that on May 2, 2023 New York adopted its 2024 fiscal year budget, which included amendments to New York's Energy Law and its Executive Law, respectfully refers the Court to the amendments as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

43.     As to the allegations set forth in paragraph 43, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

44.     As to the allegations set forth in paragraph 44, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

45.     As to the allegations set forth in paragraph 45, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

46.     As to the allegations set forth in paragraph 46, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

47.     As to the allegations set forth in paragraph 47, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

48.     As to the allegations set forth in paragraph 48, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

49.     As to the allegations set forth in paragraph 49, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

50.     As to the allegations set forth in paragraph 50, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

51.     The allegations set forth in paragraph 51 are plaintiffs' characterizations of the contents of the legal provisions governing the Code Council's authorities and responsibilities. Defendant respectfully refers the Court to those legal

provisions as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith. Defendant admits that the Code Council is currently engaged in the code development process in order to amend and update the Uniform Fire Prevention and Building Code and State Energy Conservation Construction Code.

52. As to the allegations set forth in paragraph 52, respectfully refers the Court to the cited laws and court decisions as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

53. As to the allegations set forth in paragraph 53, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

54. As to the allegations set forth in paragraph 54, respectfully refers the Court to the cited laws, court decisions, and House Report as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

55. As to the allegations set forth in paragraph 55, respectfully refers the Court to the cited law and court decision as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

56. As to the allegations set forth in paragraph 56, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their

contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

57.    As to the allegations set forth in paragraph 57, respectfully refers the Court to the cited laws and court decisions as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

58.    As to the allegations set forth in paragraph 58, respectfully refers the Court to the cited Senate Report as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

59.    As to the allegations set forth in paragraph 59, respectfully refers the Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

60.    As to the allegations set forth in paragraph 60, respectfully refers the Court to the cited Senate Report and House Report as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

61.    As to the allegations set forth in paragraph 61, respectfully refers the Court to the cited law and Senate Report as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

62.    As to the allegations set forth in paragraph 62, respectfully refers the

Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

63.     As to the allegations set forth in paragraph 63, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

64.     Paragraph 64 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

65.     As to the allegations set forth in paragraph 65, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

66.     As to the allegations set forth in paragraph 66, respectfully refers the Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

67.     As to the allegations set forth in paragraph 67, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

68.     Paragraph 68 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

11

69.     As to the allegations set forth in paragraph 69, respectfully refers the Court to the cited laws as the best evidence and most complete statement of their contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

70.     Paragraph 70 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

71.     Paragraph 71 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

72.     As to the allegations set forth in paragraph 72, respectfully refers the Court to the cited court decision as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith. The 2023 Ninth Circuit decision was amended by *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

73.     As to the allegations set forth in paragraph 73, respectfully refers the Court to the cited court decision as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith. The 2023 Ninth Circuit decision was amended by *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

74.     Paragraph 74 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

75.     Paragraph 75 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

76.     As to the allegations set forth in paragraph 76, admits that New York has

not applied for a waiver from the Secretary of Energy; the remainder of the allegations state a legal conclusion for which no response is required.

77.     Paragraph 77 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

78.     Paragraph 78 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

79.     As to the allegations set forth in paragraph 79, respectfully refers the Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

80.     As to the allegations set forth in paragraph 80, respectfully refers the Court to the cited law as the best evidence and most complete statement of its contents, and denies the allegations to the extent they are incomplete or inconsistent therewith.

81.     Paragraph 81 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

## CAUSE OF ACTION:
## FEDERAL PREEMPTION BY THE ENERGY POLICY AND CONSERVATION ACT

82.     In response to paragraph 82, repeats and realleges paragraphs 1 through 81 of this Answer as though fully set forth in this paragraph.

83.     Paragraph 83 states a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

84.     Paragraph 84 states legal conclusions for which no response is

required. To the extent a response is required, the allegations are denied.

85.     Paragraph 85 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.     Paragraph 87 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

88.     Paragraph 88 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

89.     Paragraph 89 states legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

90.     Paragraph 90 is a statement of the relief sought by Plaintiffs for which no response is required. To the extent a response is required, the allegations are denied.

## REQUESTED RELIEF

91.     Paragraph 91 is a statement of the relief sought by Plaintiffs for which no response is required. To the extent a response is required, the allegations are denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

New York's Energy Law and Executive Law Amendments are not preempted by federal law.

### SECOND DEFENSE

The allegations in Plaintiffs' complaint are unripe for review.

### THIRD DEFENSE

The allegations in Plaintiffs' complaint are unreviewable for lack of final agency action.

### FOURTH DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Plaintiffs lack standing to bring this action.


**WHEREFORE**, Defendant respectfully requests judgment against Plaintiffs as follows:

    a.    Dismissing and denying the claims in the Complaint against Defendant in their entirety;

    b.    and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
       September 12, 2024

                    Respectfully submitted,


                    LETITIA JAMES
                    Attorney General of the State of New York
                    *Attorney for Defendant*


               By: */s/ Laura Mirman-Heslin*
                    Laura Mirman-Heslin (NDNY Bar No. 704855)
                    Christopher Gore
                         Assistant Attorneys General
                    Timothy Hoffman
                    Gavin McCabe
                         Senior Counsel
                    Environmental Protection Bureau
                    28 Liberty Street
                    New York, NY  10005
                    Tel: (212) 416-6091
                    Laura.Mirman-Heslin@ag.ny.gov