IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WALTER T. MOSLEY, in his official capacity as New York Secretary of State,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01267 (GTS/CFH)<br><br>**[PROPOSED] CIVIL CASE MANAGEMENT PLAN** |

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge, on October 9, 2024, at 10:30 a.m. at the United States Courthouse, at Room Number 441, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before **October 17, 2024**.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before **October 17, 2024**.

3. **DISCOVERY**: All discovery in this action shall be completed on or before __N/A__. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS**: All motions, including discovery motions, shall be made on or before **See parties' positions below**. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

   *Parties' Positions Regarding Motions Schedule*: The parties disagree about whether the matter is currently ripe for review but, assuming there is or will be a ripe dispute, the parties believe the case can be most efficiently resolved by motions or cross-motions for summary judgment.

1

Defendant's proposal is stated in the document attached hereto.

Plaintiffs' position is that, given the parties' agreement that no discovery is necessary, the Court should set a deadline for dispositive motions. Plaintiffs' proposed deadline is **October 31, 2024**. Plaintiffs are prepared to move for summary judgment by that date and anticipate doing so. Plaintiffs disagree with the arguments presented in Defendant's attachment, but given that there is no pending motion to stay or to dismiss and that Defendant provided its attachment the afternoon before this plan is due, Plaintiffs will not respond here. Plaintiffs object to any briefing schedule that amounts to a stay, as there is no pending motion for that relief; any such request for a stay or to dismiss should be presented in an appropriate motion.

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before __N/A__ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before __N/A__ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before __N/A__ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before **November 6, 2024**. Mediation must be completed on or before **December 9, 2024**.

   *Opt-Out Request*: The parties jointly request that this case be opted out of the Mandatory Mediation Program. Given the parties' purely legal dispute, there is no realistic prospect of settlement.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before __See parties' positions below__. It is anticipated that the trial will take approximately **two** days to complete. The parties request that the trial be held in **Albany**, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

   *Alternate Proposal*: The parties anticipate resolution of this matter via cross-motions for summary judgment, obviating the need for a trial. In the unlikely event that there is the need for a trial, the parties request that the Court set the trial for a date at least 90 days from the Court's order regarding the cross-motions for summary judgment that gives rise to the need for a trial.

   Insofar as there is a requirement to propose a date for commencement of trial at this time, the parties note that April 7, 2025 is eighteen months from the date the case was filed.

8. **Have the parties filed a Jury Demand?** ____ (YES) __X__ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341**

(W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

   The Court's August 29, 2024 order granting in part and denying in part Defendants' Rule 12(b)(1) motion resolved the parties' dispute as to the Court's jurisdiction over the parties named in the complaint by dismissing Plaintiffs' claims against the New York Department of State, Code Council, and members of the Code Council sued in their official capacity, leaving the New York Secretary of State as the sole defendant.

   All parties have been served.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

   Plaintiffs contend that New York's ban on gas equipment and infrastructure in new construction, codified at N.Y. Energy § 11-104(6)-(8) and N.Y. Exec. § 378(19), is preempted by federal law because it concerns the energy use of appliances covered by the federal Energy Policy and Conservation Act. *See* 42 U.S.C. § 6297(c); *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

   Defendant contends that the case will not be ripe for judicial review unless and until the Code Council completes the administrative process to amend the Energy and Building Codes to include the proposed future restrictions, commencing in 2026, on the use of fossil fuel equipment and building systems in certain types and sizes of new buildings. Defendant also contends that those proposed future restrictions, if and when adopted into the codes, will not be preempted by federal law.

12. **What factual and legal issues are genuinely in dispute?**

   Two legal issues remain in dispute: (i) whether the challenged statutory provisions **[Defendant's position:** or proposed code amendments**]** are preempted by federal law and (ii) whether any challenge to the statutory provisions **[Defendant's position:** or proposed code amendments**]** is justiciable prior to completion of the administrative process for adoption of the proposed amendments to the Building and Energy Codes.

   The parties are not aware of any genuinely disputed factual issues.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

   The parties anticipate that all merits issues can be resolved by cross-motions for summary judgment.

14. **What specific relief do the parties seek? What are the damages sought?**

    Plaintiffs seek (i) a declaratory judgment that the challenged statutory provisions are preempted by federal law because they concern the energy use of appliances covered by the federal Energy Policy and Conservation Act and are therefore void and unenforceable; (ii) a permanent injunction enjoining Defendant from enforcing or attempting to enforce the challenged statutory provisions, including through approving the adoption of an Energy Code, Building Code, or other regulations implementing those provisions; and (iii) costs of this suit, including reasonable attorneys' fees.

    Plaintiffs are not seeking damages.

    Defendant's position is that the case will not be ripe for judicial review unless and until the Code Council completes the administrative process to amend the Building and Energy Codes to include restrictions on the use of fossil fuel equipment and building systems in certain types and sizes of new buildings, commencing in 2026. At such time as the proposed code amendments may be finally adopted and subject to a justiciable legal challenge, Defendant seeks a ruling that the provisions are not preempted and entering judgment for Defendant.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
       The parties will exchange the mandatory disclosure required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

       **The parties filed a joint stipulation asking that the Rule 26(a)(1) disclosure requirements be suspended. ECF No. 31. The stipulation was so-ordered by Magistrate Judge Hummel on September 23, 2024. ECF. No. 32.**

    B. **Subjects of Disclosure**
       The parties jointly agree that discovery will be needed to address the following subjects:

       **Because Plaintiffs challenge the facial validity of certain statutory provisions, the parties do not anticipate that this case will involve fact issues requiring discovery.**

    C. **Discovery Sequence**
       Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

       **The parties do not anticipate any discovery. If the Court determines under Rule 56(d) that discovery is necessary to resolve an issue presented in a summary judgment motion or a need for discovery otherwise arises, the parties**

      **believe that an appropriate timeline could be set at that point in the context of the specific topic(s) on which discovery is required.  *See* ECF Nos. 16 and 17.**

D. **Written Discovery**
Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

      **The parties do not anticipate any written discovery.**

E. **Depositions**
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

      **The parties do not anticipate any depositions.**

F. **Experts**
Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

      **The parties do not anticipate any expert discovery or testimony.**

G. **Electronic Discovery**
Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

      **The parties do not anticipate any discovery of electronically stored information.**

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

> **Because the parties do not anticipate any discovery, they do not anticipate requesting a protective order. In the unlikely event that a need for discovery into Plaintiffs' confidential business information arises, the parties would likely propose a protective order.**
>
> I. **Anticipated Issues Requiring Court Intervention**
> Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
>
> **The parties do not anticipate any discovery-related issues requiring court intervention.**

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expected means or presenting the evidence? Is it feasible and desirable to bifurcate issues for trial?**

    The parties anticipate that this case can be resolved on cross-motions for summary judgment and therefore do not anticipate a trial.

17. **Are there any related cases pending before the Judges of this Court?**

    The parties are not aware of any related cases as defined in Section G(2) of General Order #12.

18. **In Class Actions, when and how will the class be certified?**

    N/A

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

    1 __**X**__ 2 ___ 3 ___ 4 ___ 5 ___ 6 ___ 7 ___ 8 ___ 9 ___ 10 ___
    (Very unlikely → → → → → → Likely)

    A. Settlement cannot be evaluated prior to __N/A__ (Date).

    B. How can settlement efforts be assisted?

    <u>The parties see no viable path to settling this purely legal dispute.</u>

    *(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

    **Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47*.**

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

    A. Reviewed General Order #47                          Yes **X** No ___

    B. Reviewed the List of Court Approved            Yes **X** No ___
        Mediators available on the NDNY website?

    C. Prepared to discuss with the Court, at the         Yes **X** No ___
        conference, whether your case should be
        opted out of the program?

    D. Discussed the time frame needed to              Yes **X** No ___
        complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 19, 2024 and was attended by:

Sarah O. Jorgensen and Brian C. Baran for plaintiffs.

Christopher Gore, Timothy Hoffman, Gavin McCabe, and Laura Mirman-Heslin for defendants.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*

7

Dated: October 2, 2024

/s/ Sarah O. Jorgensen
Sarah O. Jorgensen (NDNY Bar No. 704794)
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
sjorgensen@reichmanjorgensen.com

Courtland L. Reichman (*pro hac vice*)
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
creichman@reichmanjorgensen.com

Caroline M. Walters (NDNY Bar No. 704759)
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
400 Madison Ave., Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
cwalters@reichmanjorgensen.com

Brian C. Baran (*pro hac vice*)
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
1909 K St. NW, Suite 800
Washington, DC 20006
Telephone: (202) 864-7310
bbaran@reichmanjorgensen.com

*Attorneys for Plaintiffs*

Respectfully submitted,

/s/ Gavin G. McCabe (as authorized 10/2/24)
Gavin G. McCabe (NDNY Bar No. 704875)
Timothy Hoffman
Christopher Gore
Laura Mirman-Heslin
Assistant Attorneys General
New York State Office of Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8469
Gavin.McCabe@ag.ny.gov

*Attorneys for Defendants*

Defendant's Proposal:

Defendant's position is that the schedule for summary judgment motions should be deferred, as set forth in the proposed schedule below, because the case is not currently ripe for judicial review. Plaintiffs attack statutory amendments that direct the Code Council to amend the Building and Energy Codes to include provisions – proposed restrictions on the use of fossil fuel equipment and building systems in certain types and sizes of new buildings, commencing in 2026 – that Plaintiffs believe should be preempted. (See, Dkt. No. 1, at ¶¶ 42, 91.) But the statutory amendments do not make those proposed future restrictions operative in New York State law. Those proposed future restrictions will not have any legal force or effect unless and until the state law administrative rulemaking process to incorporate the proposed restrictions into the Energy and Building Codes is completed. That Plaintiffs' complaint targets just the statutes and not the codes highlights the prematurity of the current posture here; the code provisions can't now be challenged because they don't yet exist, but that is where legally operative restrictions, if adopted, will reside. As the Court acknowledged in its Order granting in part and denying in part Defendants' Rule 12(b)(1) motion:

> [T]his case presents a somewhat unusual factual situation, one in which a state legislature passed the statute that Plaintiffs assert is unconstitutional, but such law (although codifying the relevant restrictions on installation of gas equipment) has little or no practical effect in terms of enforcement against the Plaintiffs until it is implemented as directed through the Codes. Indeed, the statutory amendments do not themselves implement a prohibition on fossil-fuel equipment and systems through which a state official can enforce such a ban, but instead they direct that such a prohibition should be put into the Codes which, according to other provisions of Article 11 of the Energy Law and Article 18 of the Executive Law, can then be enforced by the Secretary of State and certified local and municipal code enforcement personnel that are trained pursuant to rules and regulations adopted by the Secretary of State. N.Y. Energy. L. § 11-107; N.Y. Exec. L §§ 377(1), 381.

(Dkt. No. 28, at p. 12.)

The Court's Order on Defendants' Rule 12(b)(1) motion also clarified that while the administrative process for adoption of the proposed code amendments may ultimately lead to enforcement of the proposed future restrictions, the act of codification itself is not a form of enforcement against any individual that would render the matter currently ripe for review: "[t]he fact that the Secretary or county/local governments would not enforce the provisions mandated by the statute until the Codes are amended to reflect the Legislature's directions in the relevant statutes does not transform the adoption of the Codes into an enforcement action." (Dkt. No. 28, at p. 15.)

Nor is the ripeness defect here cured by the use of the word "shall" in the statutes directing the Code Council to undertake the code amendment process. See, N.Y. Energy § 11-104(6)(b); N.Y.

Exec. § 378(19)(a). The Legislature did not task the Code Council with a ministerial act, nor did it otherwise insulate the proposed code amendments from the requirements of the State Administrative Procedure Act (SAPA) or the State Environmental Quality Review Act (SEQR). The Code Council has initiated the state law public notice and comment rulemaking process to amend the codes (See, Dkt. No. 26, Attachments B), which the Council does not prejudge and is not an empty exercise. At the end of the required SAPA and SEQR processes the Council will vote on whether to adopt the code amendments and, while the Defendant expects the Council will approve adoption of code amendments that Plaintiffs will oppose, the outcome of that vote remains uncertain. Until those events transpire, i.e., there is a final agency action amending the codes and making the proposed restrictions an operative part of New York State law, there is no case or controversy for the Court to resolve, and any ruling on the merits would be purely advisory.

Defendant can prepare and file a Rule 12(c) motion for judgment on the pleadings, based on lack of ripeness, if the Court wants briefing on that topic. However, because Defendant believes there is a significant likelihood that the Code Council will ultimately incorporate some form of code amendments that Plaintiffs will oppose, Defendant proposes a practical approach to avoid wasteful pretrial activities, consistent with Federal Rule of Civil Procedure 16(a)(1)(3). In lieu of Defendant filing a Rule 12(c) motion to have the case dismissed as unripe, without prejudice to refiling if and when the proposed code amendments are finally adopted, Defendant proposes a schedule for cross-motions for summary judgment that is keyed off of the date that the proposed code amendments are adopted, and that allows Plaintiffs time to amend their complaint to address any final code amendments:

> Parties' Opening Briefs – due 45 days after Notice of Adoption of the Code Amendments is published in the New York State Register
>
> Parties' Opposition Briefs – due 45 days from deadline for Opening Briefs
>
> Parties' Reply Briefs – due 30 day from deadline for Opposition Briefs

Alternatively, the Court should defer scheduling cross motions for summary judgment indefinitely and set a schedule for briefing of a motion for judgment on the pleadings.