IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER T. MOSLEY, in his official capacity as Secretary of State,<br><br>Defendant. | Case No. 1:23-cv-01267 (GTS/PJE)<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Defendant Walter T. Mosley, in his official capacity as New York Secretary of State, respectfully submits this notice of supplemental authority in support of his opposition to Plaintiffs' motion for summary judgment (Dkt. No 48). Defendant opposes summary judgment on the ground that the Energy Policy and Conservation Act of 1975 ("EPCA") does not preempt the 2023 amendments to the New York State Energy Law and Executive Law or the proposed implementing regulations, which prohibit the installation of fossil-fuel equipment and building systems in certain newly constructed buildings.

In a recent decision, Judge Abrams of the Southern District of New York held that New York City's Local Law 154 of 2021, which generally prohibits the use of fossil fuels in newly constructed buildings in the City, is not preempted by EPCA. *Ass'n of Contracting Plumbers of the City of New York, Inc., et al. v. City of New York*, No. 23-cv-11292 (RA), 2025 WL 843619 (S.D.N.Y. Mar. 18, 2025) (also attached as Exhibit 1). There, plaintiffs argued that EPCA's preemption provision,

1

42 U.S.C. § 6297(c),[1] preempts Local Law 154 because the Law "concerns" the "energy use" of covered products, in that it bans a gas appliance from using any energy, thus setting its maximum energy use to zero. The Court disagreed, finding that "energy use" is a technical term that EPCA defines to be "a fixed value, determined using administratively prescribed testing procedures . . . that represents the amount of energy a product consumes under typical conditions." *Id*. at 4. The Court explicitly declined to adopt the interpretation of "energy use" employed by the Ninth Circuit in *California Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024), finding that EPCA does not "reach the actual use of covered products, nor does it grant consumers an absolute right to use such products." *Id*. at 5.

Applying this statutory definition of "energy use," the Court found that Local Law 154 is not preempted because it does not "concern" "energy use" within the meaning of EPCA. Local Law 154 "regulates, indirectly, the type of fuel that a covered product may consume in certain settings, irrespective of that product's energy efficiency or use." *Id*. at 6. Regulations of this nature are "integral to municipal construction and fire codes" and "do not risk creating a patchwork of conflicting standards because they neither require anything of manufacturers nor constrain their activities." *Id*. at 6-7. "Manufacturers may see reduced demand for certain products as a result of the Law, but they remain subject to a single, nationally uniform set of energy conservation standards." *Id*. at 7.

---

[1] As relevant here, EPCA preempts state regulations "concerning the . . . energy use" of covered products. 42 U.S.C. § 6297(c).

Dated: March 20, 2025
      New York, New York

                              LETITIA JAMES
                              Attorney General of the State of New York

                       By: */s/ Laura Mirman-Heslin*
                              Laura Mirman-Heslin (NDNY Bar No. 704855)
                              Timothy Hoffman
                              Christopher Gore
                              Assistant Attorneys General
                              Office of the New York State Attorney General
                              Environmental Protection Bureau
                              28 Liberty Street
                              New York, NY 10005
                              (212) 416-6091
                              Laura.Mirman-Heslin@ag.ny.gov