IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>WALTER T. MOSLEY, in his official capacity as Secretary of State,<br><br>                Defendant. | Case No. 1:23-cv-01267 (GTS/PJE)<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S RULE 12(C) MOTION** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this notice to alert the Court to recent factual developments related to the issues raised by Defendant's Rule 12(c) motion, Dkt. 38 and 38-1 (memo in support), which argues that this pre-enforcement facial challenge is not ripe because it is uncertain whether, how, or when the New York State Fire Prevention and Building Code Council (the "Council") will adopt regulations banning gas infrastructure and equipment in most buildings as mandated by Executive Law § 378 and Energy Law § 11-104.

Attached as **Exhibit A** is a true and correct copy of the draft minutes from the February 28, 2025 meeting of the Council.[1] The Council discussed the rulemaking and voted to move forward with filing the Notice of Proposed Rulemaking directly following the meeting. The Council announced that the Notice of Proposed Rulemaking would be published in the State Register on March 19, 2025, thereby opening the public comment period on the Council's proposed revisions to the state's Energy and Uniform (Building) Codes. The Council further announced that public

---

[1] https://dos.ny.gov/system/files/documents/2025/03/2025_02_28_meetingminutes_draft.pdf (last visited Mar. 21, 2025). For a recording and transcript of the meeting, see nysdosvideos, *Meeting for the State Fire Prevention & Building Code Council – 2/28/25*, YouTube (Mar. 4, 2025), https://www.youtube.com/watch?v=fTvse6CTdnM (last visited Mar. 21, 2025).

1

hearings on the rulemaking will be held on May 20, 21, and 22, 2025, with the public comment period ending on May 27, 2025.

Attached as **Exhibit B-1** and **Exhibit B-2** are true and correct copies of the full regulatory impact statements for the proposed revisions to the Energy and Uniform (Building) Codes, respectively, retrieved from the Council's Notice of Proposed Rulemaking docket (https://dos.ny.gov/notice-proposed-rule-making).[2] The regulatory impact statements recite that the proposed code revisions are "necessary" to achieve the legislative mandates to "prohibit the installation of fossil-fuel equipment and building systems," and that "[t]he target date for publishing a notice of adoption for this rule making is 2025, with an effective date no later than December 31, 2025." Ex. B-1 at 3-7 of 81; Ex. B-2 at 85 of 86. According to the regulatory impact statements, the "alternative … to not adopt any provisions addressing the fossil-fuel equipment and building systems prohibition in new buildings … does not comply with" the legislative mandates. Ex. B-1 at 41 of 81. Further, the "alternative … to delay the implementation of the prohibition until later dates … also does not comply with" the legislation, which "contains specific prohibition dates," such that "[a]bsent a statutory amendment, [the Department of State] and the Code Council are not authorized to delay the prohibition dates set forth in the" legislation. *Id.* at 42 of 81..

Attached as **Exhibit C** is a true and correct copy of excerpts from the New York State Register, March 19, 2025, Vol. XVLII, Issue 11, publishing the Notice of Proposed Rulemaking for the Code revisions, including the statutory authority therefor, the public hearing dates, the

---

[2] https://dos.ny.gov/system/files/documents/2025/03/full-regulatory-impact-statement-energy-code.pdf (last visited Mar. 21, 2025) (Energy Code); https://dos.ny.gov/system/files/documents/2025/03/full-regulatory-impact-statement-uniform-code_0.pdf (last visited Mar. 21, 2025) (Building Code).

substance of the proposed rules, and summaries of the regulatory impact statements.[3] Attached as **Exhibit D** is a true and correct copy of the full text of the Council's proposed rule language, also available at https://dos.ny.gov/notice-proposed-rule-making.[4]

These developments confirm that the Council is moving ahead to complete adoption of the proposed regulations banning the use of gas infrastructure and appliances in most buildings and is doing so by the effective date of December 31, 2025, as required by the challenged statutory provisions. The Council expressly acknowledges that not banning gas appliances and infrastructure or delaying the ban's effective date would be contrary to the statutes. This contradicts the Secretary's claims, in support of his arguments on ripeness and standing, that the statute has no force and effect and that the effective date or content of any action by the Council is uncertain. Dkt. 38-1 at 8-9, 12-14.

---

[3] https://dos.ny.gov/system/files/documents/2025/03/031925.pdf (State Register) (last visited Mar. 21, 2025).

[4] https://dos.ny.gov/system/files/documents/2025/03/full-rule-text-energy-code.pdf (last visited Mar. 21, 2025) (Energy Code); https://dos.ny.gov/system/files/documents/2025/03/full-rule-text-uniform-code1.pdf (last visited Mar. 21, 2025) (Building Code).

Dated: March 21, 2025

Caroline M. Walters (NDNY Bar No. 705759)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Telephone: (212) 381-1965
cwalters@reichmanjorgensen.com

Brian C. Baran (*Pro Hac Vice*)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
bbaran@reichmanjorgensen.com

Respectfully submitted,

*/s/ Sarah O. Jorgensen*

Sarah O. Jorgensen (NDNY Bar No. 704794)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
sjorgensen@reichmanjorgensen.com

Courtland L. Reichman (*Pro Hac Vice*)
REICHMAN JORGENSEN
    LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
creichman@reichmanjorgensen.com

*Attorneys for Plaintiffs*