IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WALTER T. MOSLEY, in his official capacity as Secretary of State,<br><br>　　　　　　Defendant. | Case No. 1:23-cv-01267 (GTS/PJE)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 61)** |

**RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Walter T. Mosley ("the Secretary") submitted a notice of supplemental authority, Dkt. 61, regarding the recent decision in *Ass'n of Contracting Plumbers of the City of New York, Inc. v. City of New York*, No. 1:23-cv-11292-RA (S.D.N.Y. Mar. 18, 2025) (Abrams, J.). Although that decision involved the same underlying legal issue as this case—whether EPCA preempts New York City's effective ban on gas appliances in most new buildings—it is not persuasive, and this Court should not follow it.

The decision's driving point is that because "energy use" is a technical measurement calculated in a lab and assigned on the factory floor, EPCA's preemption provision has nothing to say beyond the factory floor; unless a regulation forces manufacturers to redesign appliances (and thus changes the calculated energy use), it is not preempted. *See* Dkt. 61-1 at 4-6. But for the reasons Plaintiffs explained in this case, that interpretation, like the Secretary's, cannot be squared with EPCA's structure and purpose. It gives short shrift to the statutory term "concerning," despite that term's well-established meaning in preemption provisions. *See* Dkt. 54 at 5-11.

As Plaintiffs also explained, that view is irreconcilable with the building code exemption, 42 U.S.C. § 6297(f)(3), which confirms that preemption reaches more than just energy use

1

measured on the factory floor and recorded on a label.  *See* Dkt. 37-1 at 9-10, 13-14; Dkt. 54 at 7-8.  The building code exemption only has work to do if there are building code regulations that would otherwise be preempted but are able to qualify for the exemption.  The *Contracting Plumbers* court's view, like the Secretary's, leaves no room for any such regulation.  Product-specific regulations cannot satisfy § 6297(f)(3), but according to the decision, product-specific energy use standards are all that is preempted in the first place—making an entire paragraph of the statute superfluous.  The *Contracting Plumbers* court has no answer to this problem; it says nothing at all about § 6297(f)(3).

Likewise, the *Contracting Plumbers* court ignored the waiver provision.  That provision allows the Department of Energy to waive preemption only for regulations that will not result in the unavailability "of any covered product type (or class) of performance characteristics" and will not burden "manufacturing, marketing, distribution, sale, or servicing" of a product.  42 U.S.C. § 6297(d).  As Plaintiffs argued here, this provision confirms that Congress was concerned with the availability of types of appliances for consumers and with impacts on the entire supply chain—not just the factory floor.  Dkt. 37-1 at 13; Dkt. 54 at 12-13.

The *Contracting Plumbers* decision reads EPCA's preemption provision to allow the very patchwork Congress sought to prevent.  Dkt. 37-1 at 10-13; Dkt. 54 at 10-11, 15.  Manufacturers have to decide what appliances to design, how many to manufacture, where to sell them, and where to provide for servicing.  A patchwork of state and local bans interferes with those decisions just as much as a patchwork of explicit energy use standards.  Indeed, under the *Contracting Plumbers* court's view, even the preemption provision's prohibition on competing standards—which all agree are preempted—is easy to end run: Instead of expressly regulating energy standards, just pick the appliances that have disfavored efficiency levels, and then ban those appliances.

| | |
|---|---|
| Dated:  March 26, 2025 | Respectfully submitted, |
| | |
| | */s/ Sarah O. Jorgensen* |
| Caroline M. Walters (NDNY Bar No. 705759) | Sarah O. Jorgensen (NDNY Bar No. 704794) |
| REICHMAN JORGENSEN | REICHMAN JORGENSEN |
|     LEHMAN & FELDBERG LLP |     LEHMAN & FELDBERG LLP |
| 400 Madison Avenue, Suite 14D | 1201 West Peachtree Street, Suite 2300 |
| New York, NY 10017 | Atlanta, GA 30309 |
| Telephone: (212) 381-1965 | Telephone: (404) 609-1040 |
| cwalters@reichmanjorgensen.com | sjorgensen@reichmanjorgensen.com |
| | |
| Brian C. Baran (*Pro Hac Vice*) | Courtland L. Reichman (*Pro Hac Vice*) |
| REICHMAN JORGENSEN | REICHMAN JORGENSEN |
|     LEHMAN & FELDBERG LLP |     LEHMAN & FELDBERG LLP |
| 1909 K Street, NW, Suite 800 | 100 Marine Parkway, Suite 300 |
| Washington, DC 20006 | Redwood Shores, CA 94065 |
| Telephone: (202) 894-7310 | Telephone: (650) 623-1401 |
| bbaran@reichmanjorgensen.com | creichman@reichmanjorgensen.com |
| | |
| | *Attorneys for Plaintiffs* |