IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULHERN GAS CO., INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WALTER T. MOSLEY, in his official capacity as Secretary of State, <br><br> Defendant. | Case No. 1:23-cv-01267 (GTS/CFH) |

**Stipulation and [Proposed] Order Settling Motion for Injunction Pending Appeal**

Plaintiffs Mulhern Gas Co., *et al.* and Defendant Walter T. Mosley, in his official capacity as Secretary of State, by and through their attorneys, stipulate and agree as follows:

WHEREAS, on October 12, 2023, Plaintiffs commenced the instant action in the U.S. District Court for the Northern District of New York alleging that New York Energy Law § 11-104(6)-(8) and New York Executive Law § 378(19) are expressly preempted by federal law;

WHEREAS, on August 21, 2025, the Court issued an Order granting judgment as a matter of law to Defendant Mosley;

WHEREAS, on August 22, 2025, Plaintiffs filed a Notice of Appeal from said judgment to the U.S. Court of Appeals for the Second Circuit ("Second Circuit");

WHEREAS, on September 10, 2025, Plaintiffs filed a Motion for an Injunction Pending Appeal in this case, which Defendant Mosley has opposed;

WHEREAS, on November 3, 2025, Plaintiffs filed a Notice of Intent to Seek an Injunction Pending Appeal in the Second Circuit; and

WHEREAS, solely for purposes of resolving the pending Motion for an Injunction Pending Appeal in this Court, to avoid further litigation on any request by Plaintiffs to obtain injunctive

relief pending appeal, to avoid uncertainty during the appellate process, and without prejudice to any argument the parties may make in this action or any other matter, Plaintiffs and Defendant Mosley stipulate and agree as follows:

1. Plaintiffs' Motion for an Injunction Pending Appeal is withdrawn, and Plaintiffs will not seek any injunction pending appeal in the Second Circuit or in the U.S. Supreme Court;

2. The effective date of 19 N.Y.C.R.R. § 1240.6 (as amended by 10/1/25 N.Y. St. Reg. DOS-11-25-00001-A) and 19 N.Y.C.R.R. Subpart 1229-2 (as amended by 10/1/25 N.Y. St. Reg. DOS-11-25-00002-A), is hereby suspended, pending final disposition of the Plaintiffs' appeal in the Second Circuit and the disposition of any petition for a writ of certiorari, if such writ is timely sought, consistent with the timing set forth in paragraph 4.

3. Consistent with paragraph 2, Defendant Mosley is hereby directed to take such action as necessary to suspend or delay the effective date of 19 N.Y.C.R.R. § 1240.6 (as amended by 10/1/25 N.Y. St. Reg. DOS-11-25-00001-A) and 19 N.Y.C.R.R. Subpart 1229-2 (as amended by 10/1/25 N.Y. St. Reg. DOS-11-25-00002-A) pending the final disposition of the appeal in the Second Circuit and the disposition of any petition for a writ of certiorari, if such writ is timely sought, consistent with the timing set forth in paragraph 4.

4. If no writ of certiorari is timely sought, this suspension shall terminate automatically 120 days after the issuance of the mandate of the Second Circuit. Should a writ of certiorari be timely sought by any party, and denied, then this suspension shall terminate automatically on the 120th day after such denial. Should a writ of certiorari be timely sought by any party, and the petition for a writ of certiorari is granted, then this suspension shall terminate automatically upon the 120th day following the sending down of the judgment of the Supreme Court.

5. By entering into this stipulation and order, no party hereto makes any admission as to any fact or the validity of any right, claim, or defense that is or may be asserted in this or any other action or proceeding of any kind whatsoever.

6. The stipulation and order shall not in any manner be construed as determinative of the issues or claims raised in this action or any other proceeding of any kind and shall have no precedential value. This stipulation and order shall not bind or collaterally estop Defendant Mosley or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

| | |
|---|---|
| Dated: Buffalo, New York<br>November 12, 2025 | Dated: Macon, Georgia<br>November 12, 2025 |
| LETITIA JAMES<br>*Attorney General of the*<br>*State of New York* | REICHMAN JORGENSEN<br>LEHMAN & FELDBERG LLP |
| Attorney for Defendant-Appellee | Attorney for Plaintiffs-Appellants |
| By: __/s/ Timothy Hoffman___<br>Timothy Hoffman | By: __/s/ Sarah Jorgensen___<br>Sarah Jorgensen |
| Main Place Tower, Suite 300A<br>350 Main Street<br>Buffalo, NY 14202<br>(716) 853-8465<br>timothy.hoffman@ag.ny.gov | 1201 West Peachtree Street<br>Suite 2300<br>Atlanta, Georgia 30309<br>(650) 623-1401<br>sjorgensen@reichmanjorgensen.com |

SO ORDERED:

_____
Honorable Glenn T. Suddaby
United States District Court